## Case No. 10,829.

PATTERSON v. MISSISSIPPI & R. R. BOOM CO.

[3 Dill. 465.][1]

Circuit Court, D. Minnesota. 1875.

BOOM—EMINENT DOMAIN—REMOVAL OF SUITS TO THE FEDERAL COURT.

1. A suit pending in a state court, between a land owner and an incorporated company, seeking to appropriate his private property under the right of eminent domain, where the question to be tried is the value of such land, is a suit of such a nature as may be removed to the federal

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

court, although the proceeding in its inception was an appraisement by commissioners appointed under the charter of the company.

[Cited in Webber v. Humphreys, Case No. 17,-326; Cragie v. McArthur, Id. 3,341. Cited in Washington Imp. Co. v. Kansas Pac. Ry. Co., Id. 17,242.]

2. The legislature may constitutionally authorize the fee of private property to be taken for a boom, to be built and operated by an incorporated company over which, and its charges, legislative control is reserved.

[Cited in brief in Sholl v. German Coal Co., 118 Ill. 429, 10 N. E. 200.]

3. Measure of damages where property is appropriated for boom purposes—see note.

[Cited in Russell v. St. Paul, M. & M. Ry. Co., 33 Minn. 213, 22 N. W. 380.]

[This was an action by William C. Patterson against the Mississippi & Rum River Boom Company.]

A statute of the state of Minnesota incorporated a boom company and authorized it to exercise the right of eminent domain for the appropriation of land necessary for its business. Sp. Laws 1867, p. 355, § 13. The act provided for the appointment of three commissioners by the district court or judge, who, upon notice, were to make the assessment of damages and file the award in the office of the clerk of said court. The act gives either party the right to appeal from the award to the district court. Upon such appeal being taken the statute directs the clerk to "enter the appeal as a case upon the docket of said court, the land owners being set down as plaintiffs and the boom company as defendant; and the court shall proceed to hear and determine such case in such manner as other cases are heard and determined; all issues of fact to be tried by a jury, unless a jury be waived by both parties," the jury, or court, if a jury is waived, shall assess the land at the time the same is entered upon and taken by the company. The statute directs how judgments shall be entered and gives either party the right to a change of venue and provides that "the judgment of the said court may be reviewed on writ of error, as other cases at law."

After an award of damages had been made under the statute and an appeal taken to the state district court and the case duly docketed, the land owner, who was a citizen of another state, made due application for the removal of the case to the circuit court of the United States, and the removal was ordered. In the circuit court the boom company made a motion to remand the case, on the ground that such a case was not removable.

Lochren, McNair & Gilfillan, for the motion.
Bigelow, Flandrau & Clark, opposed.

Before MILLER, Circuit Justice, and NELSON, District Judge.

MILLER, Circuit Justice. 1. Under the charter of the boom company, the mode of appropriation of lands is particularly prescribed. At the time when the removal was applied for, the controversy between the

boom company and the land owner had assumed the shape of a suit docketed and pending as an action at law in the state court, and, in our judgment, it was such a suit as might be removed under the act of congress in that regard [18 Stat. 470].

2. In view of the large logging and lumber interests of the state on the Mississippi river and of the necessity for booms, and of the special provisions of the charter of the boom company reserving legislative control over the said company and its tolls and charges, this court cannot hold that it was beyond the legislative competency to authorize the boom company compulsorily to acquire, on making compensation therefor, "such lands as may be necessary for properly conducting the business as herein authorized and required."

3. Conceding that the charter of the boom company authorizes the apropriation in fee of the lands of others to its own use, it is not for that reason unconstitutional. Dill. Mun. Corp. § 456, and cases cited.

NOTE. Subsequently, on the trial before a jury, the circuit judge (NELSON, District Judge, concurring) charged as follows:

1. The only question for you to determine is, what is the just and fair value of the land of Patterson which the boom company is seeking to appropriate for its use? The case is peculiar in some of its features, and makes the determination of the value of the lands somewhat difficult. The lands in question, 34 $^{46}/_{100}$ acres, comprise all of one island and part of two other islands in the Mississippi river. The main channel of the river is on the east of these islands and the space on the left of the islands (about one-eighth of a mile wide), is what is known as a slough and is conceded to be well adapted to the making of a boom for logs coming down the river.

(The charge of the court, after referring to the chartered franchises of the boom company, proceeded as follows:)

2. The boom company in this case propose to appropriate all the land of the plaintiff on these three islands, and hence there is no embarrassment arising from the effect of the taking of only part of the land upon the value of the part remaining in the owner. Where all of the land of a private owner is taken for public purposes, as in this case, the owner is entitled to the fair and full pecuniary value of the property at the time it is taken, no matter what may have caused that value. The owner is entitled not simply to such sum as the property would bring at forced sale, but such sum as the property is worth in the market, that is to persons generally, if those desiring to purchase were found who were willing to pay its just and full value, and he is entitled to no more. Dill. Mun. Corp. § 487, and cases cited. Neither the plaintiff nor any other person, without legislative authority, has the right to sink piles or make a boom in the Mississippi river, which would obstruct any part of its navigable surface. Aside from that, the charter of the boom company, above referred, gives it the right to establish a boom within the limits fixed in its charter, within which limits lie the lands of the plaintiff. There cannot be two concurrent rights in different persons to make a boom at one and the same place in the river. It therefore follows that the plaintiff could not himself use his islands for boom purposes; and hence he is not to be allowed, as an element of damages, that he is deprived of the right to use them in this manner. The right of the boom company to use the islands when acquired, in connection with their other property, for boom purposes, is a franchise con-

ferred upon the company, and upon no one else, by the legislature, and therefore it is not proper for the jury to allow what the islands when acquired by the company will be made worth to the company by reason of the legislative franchise above mentioned. While this is so, it is yet true that if these islands are particularly adapted for boom purposes, and if this adaptability is an element which creates an additional demand for these islands and confers upon them an additional value, this may and should be considered by you in ascertaining the value of the plaintiff's lands.

3. This question of value is one for the jury to determine upon the whole evidence and all the circumstances of the particular case. guided by the rules of law above stated. It is the universal experience of courts that where any fact depends upon the opinions of witnesses, these opinions are generally found to be variant and conflicting. This case affords a striking illustration of this observation. Witnesses professing to be conversant with the value of such property vary in their estimates of the value of the plaintiff's islands all the way between $300 and $20,000 or $30,000. Some of these opinions must be wrong and of little value, and all of them may be mistaken opinions. You must form your own judgment upon all the facts before you (including, of course, for what they are worth, the opinions as to value of the various witnesses). It is your judgment that must govern. You may fix upon or adopt, if you think it just, the value heretofore fixed by the commissioners, or a greater or less value. If there have been sales of these islands or of other islands similarly situated and adapted to the same uses, or contracts with land owners, by the boom company, for the use of other lands in the vicinity for boom purposes, these may be resorted to by you looking at all the circumstances of these sales and contracts, in the determination of the ultimate question of value, and, ordinarily, actual sales or transactions are better evidence of value than the mere opinions of witnesses on the subject, especially where the value concerns property for which there is not a market demand, or a known or easily ascertainable general value.

(The jury returned a verdict for over $9,000, which was reduced, as a condition of denying a motion for a new trial, to $5,500, but the boom company. nevertheless. sued out a writ of error.) [The supreme court affirmed this judgment. 98 U. S. 403.]