Judgment of the County Court of Oswego county modified by allowing the respondents $275, to be paid out of the funds, and the appellants declared entitled to the remainder, and the judgment, as so modified, is affirmed, without costs to either party of this appeal.

---

EMMA C. HALL, AS ADMINISTRATRIX, ETC., OF THOMAS S. HALL, DECEASED, RESPONDENT, v. THE COOPERSTOWN AND SUSQUEHANNA VALLEY RAILROAD COMPANY, APPELLANT.

*Action by an employee injured by the joint negligence of a railroad company and of a co-employee — the plaintiff must show that the damage was produced by the former.*

This action was brought by the plaintiff against a railroad company to recover damages caused by the death of her intestate, on the ground that the death was caused by the negligence of one Briggs, an employee of the defendant, under whose directions the intestate and other laborers were, on the day of the accident, engaged in shoveling and transporting gravel from a bank on the railroad to points along the track where it was required to repair the road-bed. The plaintiff's intestate was killed by a collision between the gravel train and a regular freight and passenger train running over the road; the cause of the accident being the neglect of the persons in charge of the gravel train, either to remove it from the main track in time to allow the passenger train to pass, or to give notice of its situation on the track.

The court charged the jury that, if they found that there was negligence on the part of Briggs, and also evidence of negligence on the part of the defendant, then the defendant was liable; that if the injury was the result partially of the negligence of a co-employee, a servant of the defendant, and partially of the omission of the defendant to take proper precautions to protect the servant, then the negligence of the co-servant would not relieve the defendant from liability; that if they found that there was negligence both on the part of the defendant's servants and of the defendant itself, then the defendant was liable.

*Held*, that the court erred in so charging, as it was in effect a charge: that if the defendant was guilty of any negligence whatever, it was liable, even though

the accident would have occurred without such negligence on its part, that the judgment should be reversed and a new trial be granted.

*Ring* v. *City of Cohoes* (77 N. Y., 83); *Cone* v. *Delaware, Lackawanna and Western Railroad Company* (81 id., 206); *Searles* v. *Manhattan Railway Company* (101 id., 662) followed.

APPEAL from a judgment, entered in the office of the clerk of the county of Otsego on the 12th day of July, 1887, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*E. M. Harris*, for the appellant.

*Edick & Smith*, for the respondent.

MARTIN, J. :

This action was brought by the respondent as the administratrix of Thomas Hall, deceased. By it the plaintiff sought to recover damages caused by the death of her intestate, on the ground that his death was occasioned by the negligence of the defendant. The plaintiff's intestate was, at the time of his death, in the employ of the defendant, and was engaged in the performance of his duties as foreman of a gang of track hands at work upon the defendant's railroad. On the day of the accident he and other hands were engaged in shoveling and transporting gravel from a bank on the road to points along the track where it was required to repair the road. The train which was being used for the transportation of such gravel, and the persons employed in the work, were under the charge of one Briggs, an employee of the defendant. The accident occurred on the 6th day of November, 1885, when the plaintiff's intestate was killed by a collision between the gravel train and a regular freight and passenger train running over the road. The cause of the accident was the neglect of the persons in charge of the gravel train to remove it from the main track in time to allow the other train to pass, or to give any notice of its situation on the track. The gravel train was left standing on the main track until the other train had approached so near that it was impossible to avoid the collision. No flagman was sent out to warn those in charge of the approaching train of the presence of the gravel train upon the track, and no other means were employed to provide for the safety of the defendant's employees against such an accident.

The plaintiff claimed that the defendant was negligent : (1.) In not making and promulgating proper rules for the safety and protection of its employees.     (2.) In employing Briggs, who was incompetent.     (3.) That Briggs so far represented the defendant that his negligence was its negligence.     The defendant denied that it was negligent in either respect claimed, or that Briggs so far represented it as to make his negligence the negligence of the company, but insisted that the accident was the result of the negligence of Briggs, who was a fellow-servant of the plaintiff's intestate, and that for such negligence it was not liable.

Thus the question whether his death was caused by the negligence of the defendant, or whether caused by the negligence of a co-employee became an important and controlling question in the case.     The court submitted to the jury the questions whether the defendant was negligent in any of the respects claimed, or whether the injury was occasioned by the negligence of a fellow-servant.

The court then charged the jury as follows: "Again, if in examining all this evidence, you find that there was negligence on the part of Briggs, and also evidence of negligence on the part of the defendant, then the defendant is liable, for if the injury was the result partially of the negligence of a co-employee servant and partially by the omission of the defendant in not taking the necessary or proper precautions to protect the servant, then the negligence of the co-servant will not relieve the defendant, so that you see if you find from all the evidence that it shows that there was negligence on the part of both Briggs, the defendant's servant, and on the part of the defendant, then the defendant is liable, that is, if there was no contributory negligence on the part of the deceased." To this portion of the charge the defendant excepted.     We think this exception was well taken.

In the case of *Ring* v. *City of Cohoes* (77 N. Y., 83, 89, 90) it was held that where, without any fault on the part of a driver, his horse became frightened and unmanageable, or ran away, and this, with a culpable defect in the highway, produced an injury, the municipality is liable, provided the injury would not have been sustained but for such defect.     In delivering the opinion of the court in that case, EARL, J., says : " When several proximate causes con-

tribute to an accident and each is an efficient cause, without the operation of which the accident would not have happened, it may be attributed to all or any of the causes, but it cannot be attributed to a cause *unless, without its operation, the accident would not have happened.*" The same doctrine was reasserted in *Ehrgott* v. *Mayor, etc., of the City of New York* (96 N. Y., 283).

In *Cone* v. *Delaware., Lackawanna and Western Railroad Company* (81 N. Y., 206), it was held that where a master furnished defective machinery for use in the prosecution of his business, he was not excused, by the negligence of a servant in using the machinery, from liability to a co-servant for an injury *which could not have happened had the machinery been suitable for the use to which it was applied.* In *Searles* v. *Manhattan Railway Company* (101 N. Y., 662), the court says: "Where the fact is that the damages claimed in an action were occasioned by one of two causes, for one of which the defendant is responsible, and for the other of which it is not responsible, the plaintiff must fail if his evidence does not show that the damage was produced by the former cause." In *Taylor* v. *City of Yonkers* (105 N. Y., 203), the doctrine of the foregoing cases was again held, and the foregoing principles were again stated.

The doctrine of these cases renders it quite manifest that the charge of the learned judge was erroneous. The effect of the charge was to induce in the minds of the jury the belief that if the defendant was guilty of any negligence whatever, it was liable even though the accident would have occurred without such negligence. Clearly such is not the law. We cannot say that this error did not or could not have affected the verdict, therefore it requires a reversal of the judgment and the granting of a new trial. (*Greene* v. *White*, 37 N. Y., 405.) This conclusion renders it unnecessary to examine the other exceptions in the case.

Judgment and order reversed on the exceptions, and new trial granted, with costs to abide the event.

HARDIN, P. J., and FOLLETT, J., concurred.

Judgment and order reversed on the exceptions, and a new trial ordered, with costs to abide the event.