# Krebs Manufacturing Co. v. Brown.

*Action on Contract. Recoupment.*

1. *Damages; proximate and remote.*—Where one party to a contract agrees to put a window in a storehouse of another in a first-class manner, and the work is so unskillfully done that the window leaks

and thereby damages the goods of the latter, such damage is the direct and proximate result of the default, and recoverable, whether the work is expressly guaranteed or not.

2. *Same; sufficiency of allegation.*—An allegation that a window was built in such an unskillful and negligent manner as to let rain come through it is sufficient without specifying the particular wherein it was defective.

3. *Same; evidence.*—The rule that the measure of damages to property is the difference between its value before and after the injury, has no application when it is rendered worthless by the injury.

4. *Presumption on appeal.*—This court will presume there was sufficient evidence to sustain the finding below when the bill of exceptions does not purport to set out all the evidence.

APPEAL from Jefferson Circuit Court.

Tried before Hon. JAS. J. BANKS.

The opinion sufficiently shows the facts.

B. C. JONES, for appellant.—The demurrers to plaintiff's plea should have been sustained.—*Mayberry v. Leech,* 58 Ala. 339; *Culver v. Hill,* 68 Ala. 66; *Washington v. Timberlake,* 74 Ala. 259; *Dougherty v. Am. Un. Tel. Co.,* 75 Ala. 168.

No brief for appellee in the record.

HEAD, J.—According to the plea, the plaintiff contracted with the defendant to put in, for the latter, a window in a storehouse occupied by defendant, at the price of $26. The window was to be put in, in first class order and workmanship, in every way, but, as the plea alleges, the plaintiff did the work in a negligent and unskillful manner, and on account of the work being done so poorly, the rain came in through the window, where the same was connected to the house, and damaged certain specified articles of property belonging to the defendant, to the extent of $26.25, which sum defendant offers to recoup from the demand of the plaintiff, who sues to recover the contract price of the work. It is objected, by demurrer to the plea, that the damages claimed are remote and speculative, and not the natural consequence of any act of the plaintiff. A storehouse is a house for the storage of goods. It was natural, and to be expected, that defendant would keep goods stored therein. If by reason of the negligent and improper manner, in which the window was put in, the rain blew in and injured

goods therein stored, such injury was the direct and proximate result of the plaintiff's default; and the amount or extent, in money, of such injury, is easily capable of exact ascertainment.—*Culver v. Hill,* 68 Ala. 66. It is also demurred, that the plea fails to set out wherein the work was defective. We think the averment that by reason of the negligent, unskillful and poor manner of doing the work, the rain came in through the window where the same was connected to the house, is sufficient to inform the plaintiff wherein the work was defective. The plea sufficiently shows that the work was not done in accordance with the contract. It was not necessary that the plaintiff should have guaranteed the window against leakage. It is also demurred that the damages claimed by the plea do not arise out of the subject-matter of the suit. This ground is manifestly not well taken.—*Culver v. Hill,* 68 Ala. 66. These are all the grounds of demurrer necessary to notice. They were properly overruled by the court.

When defendant, Brown, was on the stand as a witness in his own behalf, he was handed a list of the goods claimed to have been damaged, which were set out in the plea, and the following question was asked: "State whether or not that is a correct list of the goods damaged and their values, and if the amount thus shown is the correct amount of damages to the goods?" The plaintiff objected to the question, and, his objection being overruled, he excepted. The witness answered that "it was a correct list of the goods damaged, and that as they were rendered worthless by the wetting received, the value as laid down in the plea was the correct amount that they were damaged." The measure of damages for injury to property is, generally, the difference between its value before and after the injury; and it is not, generally, proper to ask a witness to state the amount of the damage.—*Young v. Curston,* 87 Ala. 727. But, in the present instance, the witness testified that the goods were rendered worthless by the wetting they received, in view of which, there was, in the examination of the witness, no room for the application of this rule. There being in the judgment of the witness, no value after the injury, there was no such difference, as above mentioned, to be ascertained; and, consequently, the testimony of the witness, that the damage amounted to the full value

[Woodlawn v. Purvis.]

of the goods, was not objectionable. Such was the necessary and legal sequence of the fact that the goods were worthless, after the injury, and by reason of it. We think that part of the question which called upon the witness to state if the list exhibited to him was a correct list of the goods damaged and their values, if it had appeared that the contents of the list had been made known to the court, was no more than a violation of the rule against leading questions. In such case, it would have been the same, in effect, if the counsel had read to the witness, from the list, the articles, therein mentioned, and their values, and asked him if they were the goods that were injured, and their values; or if he had, without the aid of the list, stated the articles and their value, and asked if they were correct. To allow leading questions is within the discretion of the trial court, and not revisable here. But, it nowhere appears that the court was ever informed what was on the list, and the evidence in response to the question, could, in no wise have injured the appellant.

The bill of exceptions does not purport to set out all the evidence, and we can not revise the finding of the court on the facts. We will presume there was sufficient evidence to justify the finding.

There is no error in the record, and the judgment is affirmed.