MARY E. HADLEY v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF PASSAIC.

Submitted December 9, 1905—Decided February 28, 1906.

1. On an inquiry as to the value of a tract of land, evidence of sales of other land in the neighborhood is competent where there is a substantial similarity between the properties.

2. In a proceeding to condemn lands where there is an entire ab-
sence of proof upon the subject, the presumption is that the land
taken will be used in such a way as to inflict the greatest injury
upon the remaining property of the landowner.

On writ of error to the Passaic Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices HEN-
DRICKSON and PITNEY.

For the plaintiff in error, *Harry Meyers.*

For the defendant in error, *John B. Humphreys.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The board of freeholders of
Passaic county condemned certain property of Mrs. Hadley,
bordering upon the Passaic river, in the city of Passaic, for
the purpose of constructing the approach to a bridge over
the river thereupon. The commissioners appointed in the
proceedings having made their award, an appeal was taken
to the Passaic Circuit Court. This writ of error was sued
out to review the judgment entered upon the verdict rendered
on that appeal.

The first error assigned is to the admission of the testimony
of one Zabriskie as to the price which he received from the
board of freeholders of Bergen county for land directly across
the river from Mrs. Hadley's, and upon which the other
abutment of the bridge, apparently, was to rest. This testi-
mony seems to us to have been competent. In *Laing* v.
*United New Jersey Railroad and Canal Co.,* 25 *Vroom* 576,
it is declared that on an inquiry as to the value of lands
evidence of sales of other land in the neighborhood is com-
petent, where there is a substantial similarity between the
properties, and it is said that much must be left to the dis-
cretion of the trial judge in the determination of the pre-
liminary question whether the conditions are such as easily
to admit of reasonable comparison. The Zabriskie tract

was similar in its character to the Hadley tract; its principal value was as dock property upon a tidal stream; although not so valuable, because further away from the city of Passaic than the Hadley tract, still it afforded some criterion of the value of the latter.

The only other error assigned is to the admission of the plan of the proposed bridge. The ground of the assignment is that there was no testimony that this plan had been finally adopted and a contract made for the construction of a bridge in accordance therewith. The plan seems to us to have been competent as tending to show what it was proposed to do by the board of freeholders at the time when the land was sought to be taken. But, even if incompetent, the error in admitting it was harmless, for this reason: In the absence of any proof on the subject, the presumption is that the bridge to be erected will be of such a character as to do the most injury to the remaining property of the landowner. *National Docks, &c., Co.* v. *United Companies*, 24 *Vroom* 217; *Paterson and Newark Railroad Co.* v. *Newark*, 32 *Id.* 80.

The judgment under review should be affirmed.