# Louisville & Nashville R. R. Co.. v. Mertz, Ibach & Co.

*Action for Damages for Injury to Property.*

(Decided Jan. 24th, 1907.  43 So. Rep. 7.)

1. *Railroads; Injury to Animals; Negligence; Jury Question.*—Whether defendant was guilty of negligence in failing to stop the train after those in charge of the same discovered that the mules were frightened, and before they backed the wagon against the train and caused the injury, was a question for the jury.

2. *Same; Instructions.*—A charge asserting that if defendant was negligent in failing to stop the train, after its servants discovered the peril, then plaintiff would be entitled to recover unless the jury were reasonably satisfied of the truth of either of defendant's pleas of not guilty by reason of contributory negligence, fails to require that the negligence hypothesized was the proximate cause of the injury and is erroneous.

3. *Trial; Instructions; Burden of Proof.*—A charge asserting that upon the conditions named therein, plaintiff would be entitled to recover unless the jury were reasonably satisfied of the truth of either one of defendant's pleas, in effect, places the burden of proof of the plea of not guilty on the defendant.

4. *Damages; Injury to Property; Repair.*—The measure of damages in this case was not what it would actually cost to repair the wagon, but what it would reasonably cost to put the property in the same condition as it was before the injury, or the difference in value of the property before and after the injury.

36

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Mertz, Ibach & Company against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

This action is for damages done to a wagon and team of mules belonging to the appellees, by a train of cars of appellant while being operated along the streets of the city of Mobile. The complaint contained several counts in simple negligence and two in wanton, or intentional, negligence. The evidence for the plaintiff tended to show that the train of cars belonging to appellant were being pushed along the business street on which plaintiff's place of business was located, and in front of which was standing this team of mules and wagon; that the mules became restless at the approach of the train, and backed into the train, damaging the mules and the wagon; that those in charge of the train saw that they were becoming unmanageable, and, without paying them any attention, continued to push the train along the street, making no effort to stop the train after discovering the condition of the mules. The evidence for the defendant tended to show that 16 cars had passed the mules before they showed any signs of restlessness, and that the engine was stopped as soon as the peril was discovered, and that the mules backed into the car next to the tender, or the next to the last part of the moving train. The other facts are set out in the opinion. There was judgment for the plaintiff, and the defendant appeals.

GREGORY L. & H. T. SMITH and JOEL GOLSBY, for appellant.—A railroad company is never liable for an injury that does not result from its negligence, even though it may have been guilty of negligence at the time of the injury.—A. G. S. R. R. Co. v. McAlpine, 75 Ala. 119; S. & N. R. R. Co. v. Williams, 65 Al.a 75; A. G. S. R. Co. v. Hawk, 72 Ala. 112; A. G. S. R. R. Co. v. Carroll, 97 Ala. 134; E. T. V. & G. R. R. Co. v. Holmes, 97 Ala 334. On these authorities the court erred in assuming that the injury was the proximate cause of the

alleged negligence. The court further erred in charging as to the measure of damages. The actual cost and not what it ought to have cost to put the wagon in repair was the measure.

FRANCIS J. INGE, for appellant.—Cain was qualified as an expert.—*Southern Ry. Co. v. Crowder*, 135 Ala. 417; *M. & M. R. R. Co. v. Blakely*, 59 Ala. 471; *L. & N. R. R. Co. v. Mothershed*, 97 Ala. 261. The plaintiff was entitled to recover interest from the 21st day of February, 1903.—*A. G. S. R. R. Co. v. McAlpine*, 75 Ala. 113. Counsel discuss other assignments of error but cite no authority.

SIMPSON, J.—This was an action by the appellee (plaintiff) against the appellant (defendant) for damages resulting from a collision by the wagon and mules of the plaintiff with a moving train of the defendant in the city of Mobile; the gravamen of the complaint being that said mules became frightened at the moving train, in plain view of those in charge of the train, and they failed to check or stop the train until the frightened mules backed the wagon against the train and thus caused the injury. The motion by the defendant to exclude the evidence of the plaintiff was properly overruled. As said by this court, when this case was before it at a previous term: "The question, we think, under the evidence, was properly left by the court to the jury." —*L. & N. R. R. Co. v. Mertz, Ibach & Co.*; (Ala.) 40 South. 60, 62.

The court of its own motion charged the jury as follows: "If the jury are reasonably satisfied that the defendant was negligent in the matter of stopping the train after they discovered the peril, then the plaintiff would be entitled to recover"—to which the defendant excepted, and the attorney for the plaintiff, calling the court's attention to the fact that it had overlooked the pleas of the defendant in the case, "the court then said to the jury that it would amend that charge by adding that, of course, if they are reasonably satisfied of the truth of either one of the defendant's pleas, not guilty, contributory negligence, why, of course, they could not

recover." Without dwelling upon the indefiniteness of the charge and explanation, in that it is difficult to tell to whom the pronoun "they" before "could not recover," in the charge, refers, we think that the explanation did not remedy the principal defect in the charge. In the present case it is claimed by the defendant that there is nothing to show that the motion of the cars had anything to do with the injury, but that in all probability, even if the cars had been stopped still the moment the mules became frightened, still they would have continued to rear and back against the train, with the same result. But, without regard to that contention, it is clearly incumbent on the plaintiff to allege and prove, not only that the agents of the defendant were guilty of negligence, but also that said negligence was the proximate cause of the injury, and a charge which leaves out one of these necessary elements of the plaintiff's case, in order to a recovery, is necessarily defective, and it is error to give such a charge.— *Lafayette Carpet Co. v. Stafford,* (Ind. App.) 57 N. E. 944, 946; *Hall v. Cooperstown, etc.,* (Sup.) 3 N. Y. Supp. 584; *Guinard v. Knapp, Stout & Co.,* (Wis.) 62 N. W. 625, 627, 48 Am. St. Rep. 901, second column; *Boelter v. Ross Lumber Co.,* (Wis.) 79 N. W. 243, 245, second column; *Gulf, C. & S. F. Ry. Co. v. Williams,* (Tex. Civ. App.) 39 S. W. 967, 968, second column; *Hillsboro Oil Co. v. White,* (Tex. Civ. App.) 41 S. W. 874; *A. G. S. R. R. Co. v. Carroll,* 97 Ala. 134, 11 South. 803, 18 L. R. A. 433, 38 Am. St. Rep. 163; *A. G. S. R. R. Co. v. McAlpine & Co.,* 75 Ala. 119. In addition, it may be said that the explanation of the charge placed upon the defendant the burden of proving the plea of not guilty.

The court also charged the jury that, "if the plaintiffs were entitled to recover, then they were entitled to recover the value of whatever it cost to put the wagon in proper repair, to put it in the same condition as before." This was erroneous. The measure of damages would be, not what it actually cost, but what it would reasonably cost to put the property in such condition as it was before, or the difference in the value of the

property· before and after the injury.—13 Cyc. 148; *Armington v. Stelle,* (Mont.) 69 Pac. 115, 94 Am. St. Rep. 812. ·

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.