# Ballanger *v.* Shumate.

### *Damage to Property in Collision.*

(Decided May 21, 1914. 65 South. 416.)

1. *Appeal and Error; Harmless Error; Pleading.*—Where the court withdraws from the jury the evidence offered under a count in the complaint and charges that there can be no recovery under such count, any error in overruling a demurrer to the count was rendered harmless.

2. *Damages; Measures; Evidence.*—On the question of damages to a buggy inflicted in a collision with a carriage, the difference between the value of the buggy before and after the collision, was admissible in evidence.

3. *Same.*—Where the issue raised by the ·pleadings was whether or not a plaintiff was frightened as the result of a collision between defendant's carriage, and a buggy occupied by plaintiff at the time, it was proper to admit evidence that plaintiff was so frightened.

4. *Charge of Court; Construction.*—Where the charge as a whole states a rule of law substantially correct, an exception to a part of a sentence embodied in the charge cannot be sustained.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by B. A. Shumate against J. A. Ballanger for damage to plaintiff's person and buggy in a collision

[Ballanger v. Shumate.]

with defendant's carriage. Judgment for plaintiff and defendant appeals. Affirmed.

L. D GRAY, for appellant. The demurrers to count A should have been sustained. Counsel discusses other assignments of error, but without citation of authority.

W. F. FINCH, for appellee. Count A was withdrawn from the jury, and therefore, any error was rendered harmless to appellant. The count was good in any event.—*Barbour v. Shebor*, 58 South. 276. The cause should be dismissed under the authority of section 2870, Code 1907, and *Swain v. The State*, 60 South. 961.

WALKER, P. J.—If the court erred in overruling the demurrer to count A of the complaint, the error is not one which can work a reversal of the judgment appealed from, as that count was withdrawn from the consideration of the jury by a written charge to the effect that a finding of wantonness was not warranted by the evidence.

On the question of damages, evidence of the difference between the value of the buggy before and after the alleged injury to it was admissible.—*Louisville & Nashville R. R. Co. v. Mertz, Ibach & Co.*, 149 Ala. 561, 43 South. 7; *Krebs Manufacturing Co. v. Brown*, 108 Ala. 508, 18 South. 659, 54 Am. St. Rep. 188; 13 Cyc. 148.

Counts of the complaint upon which issue was joined averred that the plaintiff was frightened as a result of the alleged collision with the buggy, which he was occupying at the time. Evidence that he was frightened in that way was of a fact in issue, and was properly admitted.

An exception was reserved to a part of a sentence in the oral charge of the court. The sentence as a whole

[Orr & Lanning v. Boockholdt.]

stated the rule for measuring damages for injury to personal property substantially as it was stated in *Louisville & Nashville R. R. Co. v. Mertz, Ibach & Co., supra*. It follows that the exception cannot be sustained.

Affirmed.