# Welch v. Evans Bros. Construction Co.

## Damage to Goods.

(Decided November 7, 1914.  66 South. 517.)

1. *Negligence; What Constitutes.*—Negligence consists in the failure to observe reasonable precautions to prevent injury to the person or property of another, the test being what a reasonably prudent man, in the management of his own personal affairs, and reasonably skilled therein, would have naturally and probably done under the same circumstances.

2. *Same; Effective Concurrent Cause; Act of God.*—The rule imposing liability for negligence, although another efficient cause concurs, applies where the concurring cause is an accident or an act of God, and the same is true where the primary cause was an accident for which the defendant was not liable, if the injury would not have resulted but for his negligence, or where, by ordinary care, the result might have been mitigated.

3. *Same; Use of Property; Repairs.*—Under the evidence in this case, the negligence of the contractor in leaving open and uncov-

[Welch v. Evans Bros. Construction Co.]

ered a hole in the roof of a building which he was repairing, and through which it rained, was a question for the jury.

4. *Damages; Negligent Use of Property; Profit Loss.*—A plaintiff is not entitled to recover loss of profits in an action for damages to goods from the act of a contractor in leaving uncovered a hole in the roof of a building which he was repairing, and through which it rained on the goods.

5. *Same; Measure.*—In this action, the measure of plaintiff's damage would be the difference in the value of the goods before and after the alleged injury.

6. *Same; Torts; Nominal Damages.*—Where the action is tort and the breach of duty is shown, but the amount of the resulting injury is not shown, nominal damages should be awarded.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by Wade C. Welch against the Evans Bros. Construction Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The complaint proceeds on the theory, as stated in the opinion, that the damage to the goods resulted from leaving open and uncovered a hole in the roof of the building in which plaintiff conducted a wholesale fruit and produce store, and from which consequent injury and damage ensued; that defendant had engaged to repair and was in the act of repairing said roof under contract, and so negligently and carelessly conducted itself in and about such repairs or attempted repairs of the roof of said building that plaintiff was damaged in various ways, which are set out in the complaint.

The charges given and noted in the opinion are:

(7) If you believe the evidence in this case, the exercise of care and caution on the part of defendant in the matter of making repairs on the roof of the building in question in this cause did not embrace the obligation, or require that defendants anticipate that rain would fall during the night.

(11) If you believe from the evidence the condition of the weather on the afternoon and evening of Novem-

ber 20, 1907, was not such as to indicate that it would probably rain during the night of said November 20, 1907, then I charge you that it was not negligence on the part of defendant not to cover the roof of the said building, or otherwise protect the same against rain, and your verdict should be for defendant.

Sterling A. Wood, and Fred S. Ferguson, for appellant.

John T. Glover, for appellee.

De GRAFFENRIED, J.—The plaintiff, Wade C. Welch, was a merchant in the city of Birmingham. The store in which he kept his goods caught fire, and a small hole was burned in the roof. There was evidence tending to show that, when the fire department put the fire out, water was poured into the building. Some of the evidence tended to show that this water materially injured the goods of the plaintiff, while there was other evidence tending to show that no material injury was thereby caused to the plaintiff's goods.

2. The defendant, the Evans Construction Company, was employed to repair the hole which the above fire had made in the roof. There was evidence tending to show that, in making the repairs, the construction company increased the size of the hole in the roof, and that after this was done, the roof was one night left unprotected by the construction company, that it rained heavily that night, that the rainwater poured in through the hole onto the plaintiff's goods, and that thereby the plaintiff's goods were materially injured. There was evidence in the case from which the jury had the right to infer that the weather was in an unsettled condition when the above roof was undergoing

[Welch v. Evans Bros. Construction Co.]

repairs, while there was other evidence tending to show that the afternoon and evening preceding the above rain in the night were clear. In making this latter statement, we refer to the records of the Weather Bureau, which were introduced in evidence, and from which the jury had the right to infer that, at the time to which reference is made, the weather was in an uncertain condition as to rain.

3. In one of its aspects negligence may be said to consist in a failure to observe reasonable business precautions to prevent injury to the person or property of another. A negligent farmer might, in an unsettled spell of weather, leave his hay unprotected in the fields, while at the same time a reasonably prudent farmer might, to prevent injury from rain, gather up his hay and place it in stacks or in his barn. The question in cases like the present always is: What, under the same circumstances, would a reasonably prudent man, in the management of his own business, and reasonably skilled in that business, have naturally and probably done? What such a man, under like circumstances, would probably have done, determines whether the particular act under inquiry was or was not negligent.

"The rule imposing liability on defendant, although another efficient cause concurs with defendant's negligence, applies where an accident or act of God is the concurring cause. And the same is true where the primary cause was an accident for which defendant was not liable, if the injury would not have resulted but for his negligence, or where by the exercise of ordinary care the result might have been essentially mitigated." —29 Cyc. 504, and authorities there cited.

The above rule is one which common sense has deduced from human experience, and under that rule as applied to all the evidence and the pleadings in this

cause the trial court committed reversible error in giving written charges 7 and 11 (which the reporter will set out) to the jury. Whether, under all the evidence in this case, the defendant was guilty of negligence in leaving the hole in the roof unprotected against rain, was a question of fact for the jury, and not a question of law for the court. Indeed, there was a dispute in the evidence as to whether the rain occurred on the night of the 20th or on the night of the 22nd of November, 1907; and, this being true, charge 11 was clearly and palpably erroneous.

4. We have not engaged in a discussion of the questions presented by the pleadings. The counts remaining in the complaint and the pleas left in the record are sufficient for all purposes of the next trial. The court committed no error, under the evidence in this case, in charging the jury that, if the plaintiff is entitled to recover, he is not entitled to "loss of profits as claimed in each count of the complaint," but that, if he is entitled to recover, his damages are "the difference in the value of the goods before and after the injury."—*Southern Railway Co. v. Coleman*, 153 Ala. 266, 44 South. 837; *Krebs v. Brown*, 108 Ala. 508, 18 South. 659, 54 Am. St. Rep. 188; *Young v. Cureton*, 87 Ala. 727, 6 South. 352.

In this connection it may not be inappropriate to call attention to the fact that where there is, in an action of tort, a breach of duty shown, and the amount of the injury resulting from it is not shown, nominal damages are proper.—*Bagby, Use, etc., v. Harris*, 9 Ala. 173; 2 Mayf. Dig. p. 1030.

5. We have above discussed all of the questions presented by the record which appear of importance. In this record there appear the reversible errors which we have above pointed out and because of those errors

the judgment of the court below is reversed, and the cause is remanded to the court below for further proceedings.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.