# Birmingham R. L. & P. Co. v. Sprague.

### Damages to Automobile.

#### (Decided May 11, 1916. 72 South. 96.)

1. **Street Railways; Injuries on Track; Jury Question.**—Where the action was for damages to an automobile, and the count of the complaint ascribed its injuries to simple negligence of the operators of defendant's street cars, after discovery of the perilous situation of the automobile near the track ahead of the car, the question of defendant's negligence is for the jury under the evidence in this case.

2. **Appeal and Error; Verdict; Conclusiveness.**—Where a verdict depends upon the credence given by the jury to the witnesses examined, such verdict cannot be held to be contrary to the evidence.

3. **Damages; Injury to Automobile.**—Where there was no evidence as to the value of the loss of the use of an automobile, the measure of damages for its injury was the difference in its value just before and just after the injury.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by J. M. Sprague against the Birmingham Railway, Light & Power Company, for damages for injury to his automobile. Judgment for plaintiff and defendant appeals. Affirmed.

(Transferred from Court of Appeals under act creating said court.)

TILLMAN, BRADLEY & MORROW, and E. CRAMTON HARRIS, for appellant. PERCY, BENNERS & BURR, for appellee.

MCCLELLAN, J.—The plaintiff (appellee) had judgment against the defendant (appellant) for damage to plaintiff's auto-

[Birmingham R. L. & P. Co. v. Sprague.]

mobile resulting from the alleged negligence of the defendant's employees in operating a street car over a public thoroughfare in the city of Birmingham. The case went to the jury on the issues made by the averments of the third and fifth counts of the complaint and by a general traverse thereof and pleas of contributory negligence. The third count ascribed the injury (not the destruction) of the machine to simple, initial negligence of the operative of the street car; and the fifth count ascribed the injury to the machine to simple negligence of the operative after discovery of the perilous situation of the machine near the track ahead of the moving street car.

(1, 2) The issues made by the averments of the third and fifth counts were, under the evidence, plainly ones to be submitted to the jury for decision. As to the fifth count, there was evidence tending to show that the motorman saw the perilous position of the auto, near the track, before the approaching street car, and that at such distance from it as that if the due care and prudence the law exacts of one in the motorman's station had been observed the motorman would have seen the improbability, if not impossibility, of the machine's being removed from the zone of danger, and with the exercise of due diligence could have averted the collision of his street car with the machine. That the issues tendered by the fifth count were for the jury is not debatable under the evidence shown by this record. In reference to the argument for error in overruling the motion for a new trial on the grounds that the verdict was contrary to the evidence, and that the verdict is excessive, it may be said (as to the former) that whether the verdict was well rendered depended upon the credence given by the jury, in the exercise of its peculiar function in that regard, to the witnesses testifying to states of facts and circumstances surrounding the event, and, if the jury accepted the view tending to liability under the fifth count, it is manifest that the conclusion expressed in the verdict cannot be held to be ill founded (*Cobb v. Malone,* 92 Ala. 630, 9 South. 738) ; and, as to latter, there was evidence that, if believed by the jury, fully justified the amount of damages, $150, fixed in the verdict.

(3) The court refused the request of the defendant for this special instruction: "If you are reasonably satisfied from the evidence that the plaintiff is entitled to recover, you can award him only the cost of repairs."

Since there was no evidence of the value of the loss of use of the machine for a definite, appreciable period, it is insisted for appellant that the measure of damages stated in the quoted instruction was the exclusive rule that should have governed the recovery sought in this action.    There was competent evidence tending to fix the value of the machine just before and just after the injury; and the refusal by the trial court of the quoted instruction was due, doubtless, to the conclusion that the proper measure of damages was the difference in the value of the machine just before and just after the injury.    That is the general rule where a chattel has been injured (not destroyed) by the wrongful act of another.—2 Sedg. on Dam. § 435; *Krebs Mfg. Co. v. Brown,* 108 Ala. 508, 18 South. 659, 54 Am. St. Rep. 188; *L. & N. R. R. Co. v. Mertz,* 149 Ala.  561, 564, 43 South. 7; *Ballanger v. Shumate,* 10 Ala. App. 329, 65 South. 416.    There is nothing in the record to exempt the rights of the parties from the application of the general rule.    The pertinent statement in *L. & N. R. R. Co. v. Mertz, supra,* is as follows:  "The court also charged the jury that, "if the plaintiffs were entitled to recover, then they were entitled to recover the value of whatever it cost to put the wagon in proper repair, to put it in the same condition as before.'    This was erroneous.    The measure of damages would be, not what it actually cost, but what it would reasonably cost to put the property in such condition as it was before, or the difference in the value of the property before and after the injury."

The court, it will be noted, set down the general rule, applicable in this instance, as the alternative of the different rule whereby, in a proper case, the measure of damages is the reasonable cost of repair "to put the property in such condition as it was before;" both rules being alternatively serviceable, in proper circumstances, to effect the law's purpose to fairly compensate for the damnifying result of the wrong committed.    There was evidence in this case tending to show an effort to repair; but there was also evidence that the machine, even after the repairs had been made, was not in as good condition for service as it was before.    It is readily conceivable that machinery may be repaired with all the diligence and care the injured party should employ to reduce the damage (*Sou. Hdw. Co. v. Standard Equipment Co.,* 158 Ala. 596, 601, 602, 48 South. 357), and yet the machinery may not be in the "condition it was before."    Under the evidence here, no court could soundly say that the machine

[Martin v. Cannon, et al.]

was or could have been completely restored to its former condition by repair. Indeed, the testimony indicated was to the effect that the repair made did not restore the machine to its former condition. Whether the repairs made were efficient to completely restore the machine to its former condition could not be affirmed either way, as a matter of law.

There is no merit in the errors assigned. The judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.