(85 South. 568)

## NORTH ALABAMA TRACTION CO. v. McNEIL. (8 Div. 677.)

(Court of Appeals of Alabama. Dec. 16, 1919. Rehearing Denied Jan. 13, 1920.)

1. STREET RAILROADS ⬚110(1)—NO NEGLIGENCE CHARGED AS TO MAINTAINING DEFECTIVE POLE.

Allegations that "the defendants negligently caused or allowed a pole which was then and there standing upon the margin of B. street to be knocked down and upon, against, or across said automobile," did not charge that there was any negligence in maintaining a defective pole by defendant traction company, or that the injury resulted because of the maintaining of a defective pole.

2. WITNESSES ⬚245—OBJECTION TO QUESTION PROPERLY SUSTAINED.

Where a witness had been allowed to testify as to the condition of a pole in a street and that it had been there about eight years and that the life of such a pole was ten to fifteen years, court did not err in sustaining an objection to the question, "The pole in the condition that it was at the time it was broken would have served the purpose for which it was placed there for how many years?"

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action by Mrs. Leah McNeil against the North Alabama Traction Company and another. Judgment for plaintiff, and the named defendant appeals. Affirmed in response to the opinion of the Supreme Court (204 Ala. 81, 85 South. 569).

Eyster & Eyster, of Albany, for appellant.

The opinion of the Court of Appeals and the authorities there cited is a complete answer to the writ.

Callahan & Harris, of Decatur, for appellee.

The whole count must be considered in arriving at its true and full meaning. 103 Ala. 241, 50 South. 996. The words "negligently maintained" cover the active as well as the passive attitude of the traction company towards the pole. 161 Ala. 176, 49 South. 759; 164 Ala. 186, 51 South. 340, 159 Ala. 235, 48 South. 663; 11 Corp. Juris, 38; 208 S. W. 476; 166 U. S. 521, 17 Sup. Ct. 661, 41 L. Ed. 1101.

BRICKEN, P. J. Appellee, plaintiff below, brought suit to recover damages for alleged injuries done to her automobile by reason of a pole falling across the automobile. The suit was brought against the appellant, and the Alabama Power Company. There was a verdict in favor of the Alabama Power Company and against the appellant, from which

judgment this appeal is taken by the North Alabama Traction Company.

The complaint consists of two counts, and for a better understanding of this opinion we have set out the complaint as amended:

"The plaintiff claims of the defendants the sum of $1,000 as damages for that, on and prior to March 14, 1918, the defendant North Alabama Traction Company negligently maintained a pole on the margin of Bank street, a public highway in the city of Decatur, Ala., and on said date, to wit, March 14, 1918, the defendant Alabama Power Company owned or operated a horse and wagon, and on said date plaintiff's automobile was standing or located on said Bank street, and while so located the defendant Alabama Power Company negligently caused or allowed said horse to run away while attached to said wagon and run against said pole above referred to and knock the same down on, against, or across plaintiff's said automobile, breaking and crushing the top of said automobile, tearing, and disfiguring the upholstering of the automobile, denting, scarring, and scratching the body of the same, and jarring and throwing the engine out of alignment. And plaintiff alleges that said injury and damage to said car was the proximate result of the combined and concurring negligence of said defendants. All to her damage as aforesaid.

"Plaintiff claims of the defendant the like sum of $1,000 damages, for that on, to wit, March 14, 1918, plaintiff owned an automobile which was then and there standing on Bank street, a public highway in the city of Decatur, Ala., and that, while so standing, the defendants negligently caused or allowed a pole which was then and there standing upon the margin of Bank street to be knocked down and upon against or across said automobile, crushing and breaking the top of the same, tearing the upholstering thereof, denting, scarring, scratching, and disfiguring the body of said automobile, and jarring, jostling out of alignment the engine of the same. All of said damage and injury was the proximate result and consequence of said negligence of said defendants."

The evidence shows that the injury done to the automobile was caused by a pole being knocked down across it, that this pole belonged to the appellant, and that the pole was caused to fall by reason of the fact that a horse belonging to the Alabama Power Company, and which was running away, ran into it. The evidence shows that the appellant had a right to maintain its poles along the streets, and it is not contended that the pole was improperly placed. The evidence tends to show that this pole was defective. The evidence does not show that the appellant had any control over or connection with the horse and wagon that knocked the pole down, or that the running of the horse and wagon into the pole was due to any negligence of the appellant.

It will be noted that the negligence alleged in the first count of the complaint, as amended, is charged as follows:

"And while so located the defendant Alabama Power Company negligently caused or allowed said horse to run, while attached to said wagon, against said pole."

Clearly, there could be no finding against the appellant on the first count of the complaint.

[1] The negligence in the second count is alleged as follows:

"The defendants negligently caused or allowed a pole which was then and there standing upon the margin of Bank street to be knocked down and upon, against, or across said automobile."

It will be noted that this count does not charge the appellant with negligence in maintaining a defective pole, or that the injury resulted because it maintained a defective pole; but it charged that "it caused or allowed a pole * * * to be knocked down." The evidence shows that the pole was knocked down by a horse and wagon running into it, that appellant had no control over the horse and wagon nor any connection therewith, and that therefore the horse and wagon ran into the pole without any fault or negligence on the part of the appellant. The lower court erred in refusing to give the affirmative charge in writing requested by appellant.

The charges given at the request of plaintiff in writing as to the measure of damages were properly given. Birmingham, L. & P. Co. v. Sprague, 196 Ala. 148, 72 South. 96; Montgomery Street Railway Co. v. Hastings, 138 Ala. 432, 35 South. 412. The criticism by appellant of these charges is hypercritical.

There was no error in refusing to give charges D and F, requested in writing by appellant. It was for the jury to determine from the evidence as to what was the proximate cause of the injury.

Charge E, requested in writing by appellant, should have been given. The negligence alleged in the complaint as above pointed out was the pole being knocked down.

[2] There was no error in sustaining objection to the question, "The pole in the condition that it was in at the time it was broken would have served the purpose for which it was placed there for how many years?" asked the witness W. R. Speer.

This witness had been allowed to testify, as to the condition of the pole, that it had been there about 8 years and that the life of such a pole was 10 to 15 years.

For the errors pointed out the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

Affirmed May 18, 1920, in response to the opinion of the Supreme Court in Ex parte Leah McNeil, 204 Ala. 81, 85 South. 569.