(99 South. 354)

**HILL GROCERY CO. v. CALDWELL.**
(6 Div. 26.)

(Supreme Court of Alabama. Jan. 17, 1924. Rehearing Denied Feb. 7, 1924.)

**1. Damages ☞174(1)—Testimony held pertinent to issue of market value of car before and after collision, and damages caused.**

In an action for damages to an automobile arising from a collision plaintiff's testimony as to the original cost of the car, the effort to have it repaired, his trouble with the car after the collision, and the sale price thereafter, *held* pertinent, in connection with other evidence, to issues of market value of car before and after the collision and the damage caused thereby.

**2. Damages ☞188(1)—Evidence held to support verdict for damages to car received in collision.**

In an action for damages to an automobile arising from a collision with defendant's car, plaintiff's testimony as to damages, along with other evidence, *held* sufficient to support verdict.

**3. Damages ☞208(1)—Whether amount of damage to car limited to amount of repair bill held for jury.**

In an action for damages to an automobile arising from a collision, evidence of the repair bill paid to mechanics and the ineffectiveness of their effort to repair *held* to present a question to the jury as to whether the damages sustained were limited by the amount paid, and instructions so limiting them were properly refused.

**4. Pleading ☞28—Videlicet held to leave question of damages to jury.**

In an action for damages to an automobile where complaint averred damages in "the sum of, to wit, $5,000," and alleged that the reasonable repair of the same in an effort to replace its condition was, "to wit," $500, and that the permanent damage to the car was, "to wit," $500, *held*, that the videlicet left the question of amounts of plaintiff's damages uncertain and to be determined by the jury.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action for damages growing out of an automobile collision by W. D. Caldwell against the Hill Grocery Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Count 1 of the complaint is as follows:

"Plaintiff claims of the defendant the sum of, to wit, $5,000, as damages, for that, heretofore, on, to wit, January 31, 1922, while plaintiff was in his automobile crossing a public street in the city of Birmingham, Ala., namely, Eighth avenue and Nineteenth street, the automobile in which he was riding was run over and against by a truck of the defendant corporation, and as a proximate result thereof plaintiff's automobile was damaged, demolished and injured to such an extent that the reasonable repair of the same in an effort to replace its condition was, to wit, the sum of $500, and as a proximate result thereof said automobile was permanently damaged in the sum of, to wit, $500, and as a proximate result thereof plaintiff was bruised, shaken and otherwise injured in his person, suffering therefrom pain and mental anguish; and as a proximate result thereof plaintiff, who was and is a physician, was deprived of the use of said automobile during the time it was being repaired, which use was reasonably worth the sum of, to wit, $500.

"Plaintiff further avers that said collision and the injuries and damages thereby proximately caused were proximately caused by reason of the negligence of the agents or servants of the defendant who were operating said truck while acting within the line and scope of their authority as such agents or servants, in that they did then and there negligently run said truck over and against the automobile of the plaintiff."

These charges requested by defendant were refused:

"(10) If the jury believe the evidence in this case, you cannot find a verdict for the plaintiff for more than nominal damages, such as one cent or one dollar."

"E. The court charges the jury that you cannot find a verdict for the plaintiff for more than $373."

"F. The court charges the jury that you cannot find a verdict in favor of the plaintiff for more than the amount which it cost plaintiff to have his car repaired."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

The true measure of damages is the difference between the market value of the automobile immediately before and after the accident. No proof of these market values having been introduced, the appellee was entitled to no more than nominal damages. L. & N. R. R. Co. v. Mertz, 149 Ala. 561, 43 South. 7; B. R., L. & P. Co. v. Sprague, 196 Ala. 148, 72 South. 96; Burgin v. Marx, 158 Ala. 633, 48 South. 348; Galveston, H. & S. A. Ry. Co. v. Levy, 45 Tex. Civ. App. 373, 100 S. W. 195.

Percy, Benners & Burr, of Birmingham, for appellee.

The original cost of the automobile, the length of time used, its condition before and after the accident, and the amount for which it was sold, was competent evidence to show the measure of damages, the difference in value before and after the accident. 2 Sutherland, Dam. 375; 10 R. C. L. (Evi.) § 128; 22 C. J. 181; Tatro v. Baker Co., 215 Mich. 623, 184 N. W. 449; Hershey v. Hanauer, 108 Wash. 498, 185 Pac. 627; Johnson v. Canfield-Swigart Co., 292 Ill. 101, 126 N. E. 608; Daugherty v. Thresher Co., 190 Iowa, 424, 180 N. W. 277; Lebkeucher v. Penn. R. R. (N. J. Sup.) 116 Atl. 323; Andrews v. West. Pav. Corp., 193 Iowa, 1047, 188 N. W. 900; Norman v. Utah Hotel Co., 60 Utah, 52, 206 Pac. 556.

THOMAS, J. The suit arose out of an automobile collision, and the case was submitted to the jury on the count for simple negligence.

Demurrer to the several counts being overruled, a plea of the general issue, in "short by consent," was interposed. The claim of personal injury was eliminated on the trial by plaintiff testifying:

"Just as I cleared the street car tracks, something struck my car and just knocked it around towards the side. * * * It jolted me up; didn't hurt me. Did not have any physical hurt on me and I don't claim any."

And damages for deprivation of the use of the automobile during the time it was being repaired were not supported by the evidence.

Questions challenged by assignments of error are rulings on the admission of evidence, and the refusal of charges requested in writing by the defendant.

[1, 2] The plaintiff, as a witness in his own behalf, testified that he owned the automobile that was damaged by the collision with defendant's "truck," had purchased it as a new car, and "hadn't had it quite a year"; and was asked, "What was the original cost of it [the car]?" Against the objection to the question, "on the ground that it was not proper measure of damages," and after ex-

ception was reserved, he answered, "$3,900." Motion to exclude the answer on the same grounds was overruled, and exception was duly reserved to that ruling.

Other questions and answers permitted over due objection and exception of the defendant were:

"Q. What luck did you have with using it after you got it back? I mean by 'luck,' what was the actual experience in using it? Was it as good as it was before? A. It was continually in the garage. I never could get any service from it.

"Q. Did you, after trying to use it, afterwards dispose of it? A. Yes, sir; I disposed of it.

"Q. What was the best price you could get for it? A. $650."

Were the foregoing questions and answers pertinent to the issues of the market value of the car before and after the collision, and the damage caused by the collision?

It is accepted by counsel that the rule relating to the measure of damages is the difference between the market value of the automobile immediately before the collision causing the damages complained of, and its market value immediately thereafter; the automobile not being rendered worthless by the collision. Byars v. James, 208 Ala. 390, 394, 94 South. 536; L. & N. R. R. Co. v. Mertz, Ibach & Co., 149 Ala. 561, 43 South. 7; Welch v. Evans, etc., Co., 189 Ala. 548, 66 South. 517; B. R. L. & P. Co. v. Sprague, 196 Ala. 148, 72 South. 96; Burnett & Bean v. Miller, 205 Ala. 606, 88 South. 871; Montgomery, etc., Co. v. Hastings, 138 Ala. 432, 438, 35 South. 412; Krebs Mfg. Co. v. Brown, 108 Ala. 508, 18 South. 659, 54 Am. St. Rep. 188; Ballanger v. Shumate, 10 Ala. App. 329, 65 South. 416; N. A. T. Co. v. McNeil, 17 Ala. App. 317, 85 South. 568; Thompson v. Pollock Dry Goods Co., 18 Ala. App. 326, 92 South. 22. That is to say, in a proper case, the reasonable costs of putting the damaged property in the condition in which it was before it was injured (if that were practicable), with interest from the date of the injury to that of the trial (Galveston, etc., Co. v. Levy, 45 Tex. Civ. App. 373, 100 S. W. 195), "to effect the law's purpose to fairly compensate for the damnifying result of the wrong committed" (B. R. L. & P. Co. v. Sprague, supra). In National Surety Co. v. Citizens' L., H. & P. Co., 201 Ala. 456, 459, 78 South. 834, it was said that—

"Evidence of value is necessarily opinion evidence, and that it is not conclusive on courts and juries even when without conflict. Andrews v. Frierson, 144 Ala. 470, 39 South. 512; Sellers v. Knight, 185 Ala. 96, 64 South. 329. It follows that the fair market value of the property in controversy is the conclusion of such value by the jury drawn from the evidence, opinion and positive, shedding light thereon. Opinion evidence of a fair market value cannot be said to be the only evidence admissible to prove such value. Hadley v.

Board, etc., Passaic County, 73 N. J. Law, 197, 62 Atl. 1132; Concord R. Co. v. Greely Co., 23 N. H. 237, 242; Patterson v. Broom Co., 3 Dill. 465, Fed. Cas. No. 10,829."

See the discussion of damages to personal property and the proof of the value or amount thereof contained in F. W. Bromberg & Co. v. Norton, 208 Ala. 117, 119, 120, 93 South. 837; B. R. L. & P. Co. v. Hinton, 157 Ala. 630, 47 South. 576.

In the oral charge the jury were instructed that—

If plaintiff was entitled to recover at all, he was entitled to recover "any damages which proximately resulted from the collision. That would mean the difference in the value of the automobile immediately before it was struck and immediately after it was struck. Now, that is a question of fact for the jury to decide. There is testimony in here of the cost of that machine new, some 14 or 15 or 12 months, or whatever time Dr. Caldwell bought it before that time, and also what it sold for some 4 or 5 or 6 months after that time. That is just like all the evidence; it goes before you, to be considered in connection with all the other evidence as to the difference in the value of the machine immediately before. You take into consideration the amount of use it had gone through, and the condition just after that time under the evidence in the case. The sale price and the purchase price are merely to indicate to the jury some method by which they can arrive at the difference in value, in connection with all the other evidence. Now, there is some testimony here as to the cost or [of] repairs. That is not conclusive by any means, but it may be considered in connection with the other evidence as to the amount Dr. Caldwell claimed to have expended in repairs on this machine, representing the difference in the value of the machine before and after. It may have been less, or it may have been more; that is a matter for you to decide. You have a right to consider that in connection with all the other testimony, in so far as it might throw light on the testimony in the case. You have a right to consider the condition of the machine after it was repaired, as to whether or not it was in good condition."

Plaintiff had detailed his use, and the troubles in the use, of the car from the time of its purchase to that of its sale.

The foregoing testimony, with the other evidence, was pertinent to the issues of fact being tried, and was sufficient to support the verdict of the jury, based on a consideration of the repair bill, deductions for depreciation of the car, from its cost price, by the use to the date of the collision, and the property damage that plaintiff sustained by reason of the collision. It results, also, that charge No. 10, requested by defendant, was properly refused.

[3] Refused charges E and F were properly refused. The questions of the reasonableness vel non of the charges for repairs, and whether the same were made by competent mechanics or machinists, appear to have been first raised in this court. The evidence on this subject was permitted of the witness Dr. Caldwell without objection:

"I paid a repair bill for the effort that was made to repair the automobile. The repair bill was $373."

There was evidence of the effort to repair, the payment therefor, and that it was not effective in plaintiff's subsequent use of the car. That the repairs on a machine, though done with due diligence, care, and skill, may not put it "in the condition it was before," was recognized in B. R. L. & P. Co. v. Sprague, 196 Ala. 148, 150, 72 South. 96. To say the least of it, a jury question was presented as to the amount of damages sustained by the owner of the automobile that was not necessarily limited by the amount paid to machinists in the attempt by that owner to minimize or repair that damage.

[4] In count 1 of the complaint it is averred that plaintiff "claims of the defendant the sum of, to wit, five thousand dollars ($5,-000.00) as damages" caused by being "run over and against by a truck of the defendant corporation, and as a proximate result thereof plaintiff's automobile was damaged, demolished and injured to such an extent," etc. Then followed the averment of facts "that the reasonable repair of the same in an effort to replace its condition was, to wit," $500; that the permanent damage to the automobile was, "to wit, $500,"—that for personal injury was not stated—and that damage for deprivation of the use of said automobile during the time it was being repaired was the "sum of, to wit, $500." The videlicet employed by the pleader expressed his affirmative purpose to leave the matter of amounts of plaintiff's respective damages uncertain and for the exercise of the superior judgment of the jury in a trial of the facts. Central L. & T. Co. v. McClure L. Co., 180 Ala. 606, 613, 61 South. 821; Henry v. McNamara, 114 Ala. 107, 22 South. 428; City of Birmingham v. McKinnon, 200 Ala. 111, 113, 75 South. 487; Western Assur. Co. v. Hann, 201 Ala. 376, 381, 78 South. 232; Dothan Gro. Co. v. Dowling, 204 Ala. 224, 85 South. 498.

The jury had before it the original cost of the car, the character and length of its use, its condition before and after damage in the collision, the fact that it was sought to be repaired, its perfect and imperfect condition before and after the collision, its cost and sales prices at the respective times indicated; the sale being for the best price obtainable in the market. The jury, being in possession of these facts, from which to draw reasonable inferences of fact, were in position to declare a verdict for damages based thereon. These inferences of fact may have embraced the actual costs of repairs made, and depreciation of the car not by reason of its use before the collision, but as damages as the result of the collision.

There was no error in overruling the motion for a new trial, and the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.