20323

Lowry D. RUSSELL, Respondent, v. ASHE BRICK COMPANY, Appellant.

(230 S. E. (2d) 814)

*Messrs. Keith A. Gatlin* and *John C. Hayes, of Hayes, Brunson and Gatlin,* Rock Hill, *for Appellant,*

642

*Robert R. Carpenter, Esq., of Roddey, Sumwalt & Carpenter,* Rock Hill, *for Respondent,*

December 7, 1976.

NESS, Justice.

As a result of a personal injury, appellant's insurer issued a "walkaway draft" to the respondent. The trial judge refused to allow an offset and credit for these funds on the verdict obtained at trial.

Respondent was injured at appellant's place of business when a pallet of bricks collapsed on him. Settlement negotiations between respondent and the Insurance Company of North America (INA), appellant's insurer, were not fruitful. INA thereafter sent respondent a check for $5,500.00 along with the following letter:

"We regret we have been unable to mutually agree upon a settlement figure of your claim. We have again reviewed the settlement value of your claim and we want you to have now what we believe to be the full value of your claim.

"We enclose our draft in the amount of $5,500.00 in settlement of your claim. It is understood that you have not signed a release and that our payment is not an admission of liability. The law of this State provides that if you are to

institute a suit for personal injuries it must be within six years of the date of accident.

"It is our hope that this payment will bring this matter to an amicable conclusion."

Suit was subsequently instituted and the jury returned a verdict for respondent in the amount of $2,000.00 actual damages and $5,000.00 punitive damages. Appellant made a post trial motion for an offset and credit in the amount of $5,500.00 previously paid to respondent. The trial judge summarily denied the motion concluding that the appellant was not entitled to any offset or credit. We disagree.

The issues presented by this appeal are novel to South Carolina. Appellant cites three opinions from other jurisdictions as tangential precedent. [1] These cases all involved "advance payments" which as the term suggests is the laudable practice of expediting payment to injured parties prior to and in anticipation of future settlement or judgment. The instant case involved a "walkaway draft" which appears to be more analogous to a settlement procedure. Furthermore, in the "advance payment" cases, receipts were signed which stipulated that the payment would be credited against any final settlement or judgment. No such receipt was executed attendant to the "walkaway draft."

However, there is a common thread running through all the cases which needs no precedential support and is particularly persuasive. Why should the respondent be allowed to collect $12,500.00 on a judgment that the jury has assessed at $7,000.00? The disjointedness of the question perhaps suggests why it has not been necessary heretofore to litigate it. The nonexistence of a receipt delineating the obvious desire to credit the payment against any future liability secured

---

[1] *Edwards v. Passarelli Brothers Automotive Service, Inc.*. 8 Ohio St. (2d) 6, 221 N. E. (2d) 708, 25 A. L. R. (3d) 1087 (1966); *Byrd v. Stuart*, 224 Tenn. 46, 450 S. W. (2d) 11 (1969); *Boles v. Steel*, 288 Ala. 732, 264 So. (2d) 194 (1972).

on the same claim is without legal significance. See *Harrington v. Edwards,*[2] 262 S. C. 263, 203 S. E. (2d) 691 (1974).

Respondent asserts alternatively that any offset and credit should be apportioned against actual damages only and not punitive damages. We find the distinction untenable. It is uncontested that appellant was legally obligated to pay both actual and punitive damages.

The Order of the trial judge is therefore reversed and it is ORDERED that appellant be allowed to offset and credit $5,500.00 from the $7,000.00 judgment.

Reversed and Remanded.

LEWIS, C. J., LITTLEJOHN and RHODES, JJ., concur.

GREGORY, J., not participating.

---

[2] While Harrington was limited to the facts presented in that opinion, the judicial logic is apropos to the circumstances in the instant case.