This case requires us to examine the legal consequences of advance payments, made by a tortfeasor's liability insurer to or for an injured claimant, on a judgment subsequently rendered against the insured, when the issue was raised prior to trial and separated from the issue of liability and damages. Plaintiff appeals from an order of the trial court that reduced Plaintiff's judgment by the amount previously received from Defendant's insurer.
The sole issue, not previously addressed in Alabama, is: In the absence of a prior agreement between insurer and third-party claimant, does the law nevertheless require that advance payments be credited against any subsequent judgment, where the payments issue is properly raised?
The relevant facts are undisputed. Donald Keating was injured when his vehicle collided with a vehicle driven by Randall Moore, who was acting within the scope of his employment for Contractors Tire Service, Inc. Aetna Casualty Surety Insurance Company, the tire company's insurer, made payments to Donald Keating, and to health care providers on his behalf, after the accident, the payments totalling $8,853.35 for medical payments and $27,267.29 for lost wages. Mr. Keating and Aetna had no agreement that these advance payments would be credited against any judgment Keating might receive in the event of suit. When Plaintiff filed suit, Defendant pled payment and setoff in its answer; and the trial court granted its motion for severance of the credit issue. The jury returned a verdict in favor of Plaintiff for $114,000, which, after a post-judgment hearing, was ordered reduced by the amount of advance payments. Defendant paid the reduced judgment, and the clerk entered satisfaction of the judgment as the court had directed.
While acknowledging the precise issue here presented is one of first impression in Alabama, Plaintiff points to analogous cases for this proposition: In order to prove a right of credit, the Defendant has the burden to show an agreement that the money paid was considered a credit by both parties to be applied to any subsequent judgment.
In Boles v. Steel, 48 Ala. App. 268, 264 So.2d 191
(Ala.Civ.App. 1972), cert. quashed, 288 Ala. 732, 264 So.2d 194
(1972), Plaintiff recovered a joint verdict against two defendants insured by the same insurance company. Plaintiff had received advance payments, which were later credited toward satisfaction of the judgment, and had signed a receipt stating "this amount is to be credited to any final settlement . . . or judgment which you obtain. . . ." Defendant, not having pled setoff or recoupment previously, made a post-judgment motion for credit on the judgment for the advance payments. Affirming the trial court's granting of that motion, the appellate court stated:
 "We hold that the procedure of a post judgment motion for satisfaction . . . is proper for use in securing credit for sums paid a plaintiff as advance payments . . . when such payments are paid upon agreement that they shall be credited to any settlement or judgment thereafter obtained. . . ."
Plaintiff contends that Boles limits the right of credit to instances where such an agreement has been signed. Therefore, says Plaintiff, the case at bar can be distinguished factually because there was no agreement, and thus an opposite result from Boles should obtain here. We do not agree.
The focus of Boles was upon the propriety of the procedural manner in which the legal issue, based upon an undisputed fact, arose. The presence of an agreement between the parties was relevant in determining whether the issue should have been raised prior to or during trial, and was not considered in relation to the substantive *Page 626 
right of a credit itself. In other words, the agreement, as part of the stipulated facts, dispensed with the necessity of bringing up the credit issue prior to or during the trial. In the instant case, however, the credit issue was raised prior to trial; therefore, the procedural questions do not arise.
Plaintiff also addresses Prescott v. Martin, 331 So.2d 240
(Ala. 1976), which followed the rationale of Boles, but nevertheless disallowed the credit for advance payments. InPrescott, advance payments were made to plaintiffs who thereafter sued two defendants as joint tortfeasors. A verdict was rendered against only one defendant, however. Justice Shores framed the issue as follows:
 "[M]ay a defendant against whom a judgment is had obtain a credit on the judgment for advance payments made by a codefendant against whom a judgment was not rendered?" 331 So.2d at 245.
The Court answered:
 "The facts in the instant case differ from Boles in that (1) the facts do not reveal whether State Farm insured both defendants, and (2) the judgment is not against both defendants. We find the distinction to be controlling and thus conclude that no credit is due the defendants." 331 So.2d at 245.
In the present case, the judgment was against the insured, the only Defendant; therefore, we do not face the controlling distinctions enumerated in Prescott.
Defendant, discussing Boles and citing cases from other jurisdictions, contends a common theme runs through advance payment cases: Giving credit for advance payments prevents the injured party from being reimbursed twice for the same injury.
Plaintiff, however, argues that the issue is not the total amount of money the plaintiff might ultimately recover; rather, that the issue is whether the insurance carrier, if unable to settle with claimant, reserves a right of credit against the judgment for any amounts paid in advance. The mere fact of recovery for more than the jury award, says the Plaintiff, does not defeat the requirement on the part of defendant, or its carrier, to protect its own interest by requiring a receipt for the advances, or other evidence of an agreement with respect to such payments.
In support of this position, Plaintiff points to holdings of this Court dealing with pro tanto releases: To avail oneself of the pro tanto settlement and avoid waiver, defendant must plead and prove the settlement. Otherwise, plaintiff may be compensated for one injury in an amount greater than the jury award. Wylam Ice Company v. King, 293 Ala. 359, 304 So.2d 1
(1974).
We agree with Plaintiff to the extent that claimant may have more than one recovery for the same injury, where the conduct of the parties invokes the doctrine of waiver, thus avoiding the offset or credit for payments made in advance of judgment. But this is not the case before us. While Wylam Ice (where defendant failed to raise the joint tortfeasor's payment as a setoff at trial) is applicable by analogy, its holding does not mandate invocation of the waiver doctrine in the instant case. Here, contrary to Wylam Ice, Defendant properly raised the credit issue prior to trial. The trial judge, properly exercising his discretion, pursuant to ARCP 42 (b), separated the advance payment credit issue, thereby avoiding the possibly prejudicial injection of the fact of insurance into the case.
We hold, therefore, that the trial judge did not err in allowing credit for the advance payments. Keating accepted advances from the corporate Defendant's insurer, endorsed the drafts of payment, and received credit for his medical expenses with full knowledge of both the source and purpose of these advances. These payments were made during the two and one-half year lapse between the date of injury and date of verdict, thereby undoubtedly sparing Plaintiff the economic pressure which otherwise may have caused him to settle out of court to his disadvantage. Even if Plaintiff had received no judgment for his claim, he would have benefited to the extent of the payments received in advance. *Page 627 
We find unavailing the argument that the same insurer, in the absence of conduct amounting to waiver or fraud, should pay to the same person the same elements of damage again, merely because the insurer failed to get that person to sign a receipt evidencing an agreement to reduce possible future liability. We agree with the Supreme Court of South Carolina:
 "The nonexistence of a receipt delineating the obvious desire to credit the payment against any future liability secured on the same claim is without legal significance." Russell v. Ashe Brick Company, 267 S.C. 640, 230 S.E.2d 814, 815 (S.C. 1976).
The trial court's order reducing Plaintiff's judgment by the amount of advance payments is due to be, and hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.