The plaintiff sued the defendants for trespassing upon his property. The plaintiff claimed that the defendants had constructed their home partially upon his property.
Defendants filed a third-party complaint against one Gipson, who had surveyed their property. Defendants contended that they had relied upon Gipson's negligent and incorrect survey in building their home partially upon plaintiff's land.
The trial court granted a summary judgment to plaintiff on his trespass claim against defendants and awarded him $5,000 in damages. Following a subsequent ore tenus trial, the trial court entered a judgment in favor of Gipson on defendants' third-party claims against him. It is from the judgment in favor of Gipson that defendants appeal. We affirm.
Where the evidence is presented to the trial court ore tenus, its findings are presumed to be correct and will not be disturbed on appeal if they are supported by evidence or any reasonable inference therefrom, unless they are plainly and palpably erroneous or manifestly unjust. U-J Chevrolet Co. v.Marcus, 460 So.2d 1341 (Ala.Civ.App. 1984).
Under this standard of review, we must affirm the judgment of the trial court. The testimony is vague and conflicting. While there is evidence tending to show that Gipson erred in the survey he rendered the defendants, there is also testimony that the survey was based upon a deed furnished to Gipson by defendants and that the survey conformed to that deed.
The resolution of such conflicting testimony is a task assigned to the trial court, and that resolution is presumed to be correct on appeal. Rose v. Rose, 440 So.2d 566 (Ala.Civ.App. 1983); Gaither v. Siegrest, 435 So.2d 102 (Ala.Civ.App. 1983). This court will not reweigh the evidence and substitute its judgment for that of the trial court.
The judgment in favor of Gipson on the third-party complaint is due to be affirmed because there is some evidence which supports it.
Defendants' additional contention that the trial court erred in refusing to allow one of their witnesses to testify is without merit. It is well established that rulings as to the admissibility of evidence rest largely within the discretion of the trial court and will not be disturbed on appeal in the absence of a showing of a gross abuse of that discretion.Russellville Flower Craft, Inc. v. Searcy, 452 So.2d 478 (Ala. 1984). Defendants have shown no abuse of discretion. The trial court in this instance was acting within its discretion in refusing to allow the testimony of an individual whose name had not been included on the witness list furnished to Gipson and where defendants notified Gipson the day prior to trial that such person would be called as a witness.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 740