This appeal presents a single question: Did the trial judge apply the wrong legal standard and award excessive damages to the owner of an automobile that was damaged in a collision?
Appellant Alford does not dispute that he is responsible to pay appellee for damages done to appellee's 1986 Chevrolet Monte Carlo automobile, but he contends that the evidence shows, as a matter of law, that the trial court, hearing ore tenus evidence and sitting without a jury, awarded too much. We disagree, and affirm.
The parties in this case were involved in an automobile collision. After hearing the evidence, the trial judge awarded damages to Jones in the amount of $13,918, plus interest. Alford filed a motion for a new trial, and the trial judge then entered specific findings and reduced the amount of the award to $11,918. Alford then brought this appeal, claiming that the evidence was insufficient to support the amount of damages awarded by the judge.
Alford contends that Jones's own expert testified that the value of the car before the accident was $10,000 and that the salvage value after the accident was $5,000. Alford further claims that the repair estimate was only $3,200 and that the damages should be a sum equal to the difference between the market value of the car before the accident and the market value of the car after the accident, plus loss of use for a reasonable period of time. According to Alford's calculations, this amount can be no more than $6,700. He relies on Alabama Pattern Jury Instruction 11.23 as authority:
 "The measure of damages for the damage to personal property is the difference between the reasonable market value of the property immediately before its damage and the reasonable market value immediately after its damage. . . ."
Jones, on the other hand, argues that the trial judge could have properly considered other testimony, such as: conflicting testimony as to the value of the car both before and after the collision; the cost of towing and storing the damaged car; the cost of renting a replacement vehicle; the cost of credit life insurance he had on the vehicle; and the value of a portable television set that was in his car and was damaged in the accident.
The Court of Civil Appeals has had a case that examined this precise issue, and because the facts of that case are so similar to those in this case, we quote the rule of law set out in that opinion:
 "The usual rule of measuring damages for the tortious injury to personal property has long been the difference in market value before and after the injury. The rule has been applied to personal automobiles. Hill Grocery Co. v. Caldwell, 211 Ala. 34, 99 So. 354 (1924). It has been written into Alabama Pattern Jury Instructions as Instruction 11.23 and amplified by Instruction 11.24. Though perhaps considered generally by the practicing bar and the nisi prius courts as a limitation of recovery, we consider it not to be an absolute measure of recoverable damages for injury to a personal automobile, but [to] constitute only a principal element thereof. The rule is subject to the primary and basic principle that it is the purpose of the law to fairly compensate the injured for the wrong committed. *Page 661 Birmingham R.L. P. Co. v. Sprague, 196 Ala. 148, 72 So. 96 (1916).
 "That principle is stated in Mobile Light R. Co. v. Gadik, 211 Ala. 582, 100 So. 837 (1924) by Mr. Justice Bouldin as follows:
 "`In fixing the measure of damages it is the aim of the law to reimburse the actual loss. This loss is usually ascertained by finding the difference between the reasonable market value immediately before and immediately after the injury. This is generally declared to be the true measure of damages. . . .
 "`When the injury may be fully repaired the reasonable cost of repairs is the proper subject of inquiry . . . but this cost may not be the sole loss. The reasonable value of the hire of use of the car while deprived thereof, the expenses of removing it to and from the place of repair, and maybe other elements may enter into the real loss. No hard and fast rules should be imposed upon the trial court in the admission of evidence touching the elements upon which a fair judgment of the loss in market value may be ascertained.'"
Hannah v. Brown, 400 So.2d 410, 410-11 (Ala.Civ.App. 1981).
The record in this case shows that the trial judge heard evidence that would support a wide range of damages awards. Therefore, because there was evidence supporting the award made, we cite familiar principles of law: "Findings and conclusions of the trial court on evidence produced ore tenus are afforded the same weight as a jury verdict." Edwards v.Strong, 465 So.2d 368, 371 (Ala. 1985). "The verdict of a jury is presumed to be correct and will not be set aside on appeal unless it is plainly erroneous, manifestly unjust, or against the preponderance of the evidence." Id. "The reviewing court does not substitute its own judgment as to the amount of damages for that of the trier of fact." G.M. MosleyContractors, Inc. v. Phillips, 487 So.2d 876, 879 (Ala. 1986). In this case, we cannot precisely calculate how the trial judge arrived at the figure he awarded; however, there is no requirement that we be able to do so. Id. There is evidence in the record in this case to support the award, and the judgment is, therefore, due to be affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.