ALMON, Justice.
. Barbara Ann Benson filed an action against Tom Williams Buick, Inc. (“Williams Buick”), and others, alleging negligence, wanton conduct, negligent en-trustment, fraud, and misrepresentation. The trial court entered a summary judgment for Williams Buick on the fraud and misrepresentation claim and made the judgment final pursuant to Rule 54(b), A.R. Civ.P. Benson appeals from that judgment.
Benson owned a 1983 Buick LeSabre automobile. On April 22, 1985, she traded in the LeSabre to Williams Buick and purchased another automobile, a 1985 Buick Riviera. The retail sale agreement and the bill of sale drafted by Williams Buick both reflected an $8,741 “trade-in allowance” for the LeSabre. Immediately after Benson purchased the Riviera, it developed mechanical problems. She returned the Riviera to Williams Buick for repairs, and during a test drive, another automobile, driven by Andrew Yale, ran into Benson’s Riviera, damaging it to the extent that it was declared a total loss.
Benson’s attorney negotiated a pro tanto settlement with Yale for $18,395.16, which paid for all but $2,245.84 of the $20,641.00 purchase price stated in the retail sale agreement and the bill of sale. Benson alleges that Williams Buick misrepresented the actual trade-in allowance given to her, which, she claims, led to her being unable to obtain a full reimbursement for her loss during her negotiations with Yale.
Benson states that Williams Buick agreed to an $8,741 “trade-in-allowance.” This is supported by the record, which contains a document stating that Benson obtained an $8,741 “trade-in-allowance.” Benson then refers to a “Prospect and Used Car Appraisal,” which contained a note from a Williams Buick employee to Benson’s lawyer. The note states that the LeSabre had a wholesale value of $6,700 and that the balance of the $8,741, or $2,041, was given to Benson as a discount on the price of the Riviera.
Benson apparently argues that because the trade-in allowance was partially based on the trade-in value of the LeSabre and partially based on a discount given on the price of the Riviera, Williams Buick committed fraud and misrepresented the amount of the trade-in allowance. The evidence submitted on the summary judgment motion shows that Benson received $6,700 for the LeSabre and $2,041 as a discount on the price of the Riviera. Added together, the figures produce the sum of $8,741, the exact amount of the trade-in allowance that Benson accepted from Williams Buick.
Apart from the documents, Benson’s own testimony provides no evidence of fraud or misrepresentation; indeed, Benson’s testimony contradicts her own claims, because at one point in her deposition she states: “They didn’t do anything fraudulent to convince me to buy an automobile.” When asked how she was damaged by the misrepresentation alleged in her complaint, she answered that she did not know.
Moreover, the alleged misrepresentation cannot be held to have caused Benson the alleged damages arising from her settlement with Yale. The measure of damages in her claim for the loss of her car was the fair market value of the Riviera, possibly less its salvage value. See Alford v. Jones, 531 So.2d 659 (Ala.1988); Stone v. Echols, 351 So.2d 902 (Ala.1977).
*357 Summary judgment should be rendered only if the pleadings, depositions, answers to interrogatories, or affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.; Sadie v. Martin, 468 So.2d 162 (Ala.1985). Because the record shows that there was no misrepresentation made to her resulting in damages, the trial court did not err in granting Williams Buick’s motion for summary judgment.
The judgment is, therefore, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.