MADDOX, Justice.
The legal issue presented here concerns whether a defendant who has been found liable for damage to a plaintiff’s automobile as the result of an automobile accident, has a right to offset the amount of repair expenses paid by the defendant’s automobile insurer against the amount of damages awarded the plaintiff by a jury.
On July 13, 1989, Neal Martin and Le-nelle Scaife were involved in an automobile accident. As a result of this accident, Scaife sued Martin, seeking damages to compensate for the damage sustained to her car during the accident. In an amended answer, Martin asserted his right to offset the amount of repair expenses that had been paid to Scaife by Martin’s insurance carrier. The trial court held that it could not determine whether Martin had a right to a setoff until the jury had returned a verdict.
On October 18, 1990, the jury returned a verdict in favor of Scaife in the amount of $15,540. This included a determination by the jury that there was a $12,000 difference in the value of Scaife’s car before the accident occurred and the value immediately after the accident.
On October 23, 1990, Martin filed a motion asking the trial court to offset against the jury award the sum of $8,862.40, the amount of repair expenses paid by his insurance carrier. The trial court denied this motion on December 5, 1990. On December 6, Martin tendered to the court a check for $6,856.60 (the amount of the jury verdict ($15,540.00), plus court costs and subpoena fees paid by Plaintiff Scaife ($179.00), less the cost of repairs ($8,862.40)), and made a motion that the judgment be satisfied. This motion was also denied. Martin appeals from the denial of that motion.
Scaife contended at trial, and contends on this appeal, that in Alabama the only proper way to determine the measure of damages is to ascertain the market value *996 of the car immediately before the accident and the market value immediately after the accident and then to calculate the difference. This difference, Scaife argues, is generally the true measure of damages. To hold otherwise, she further argues, would be to go against the weight of law in our great State.
In this case, the jury determined that the market value of the car before the accident was $18,000 and that the market value of the car after the accident was $6,000, leaving a difference in value of $12,000. Scaife argues that this amount is the true measure of damages. In support of this argument she cites us to Alford v. Jones, 531 So.2d 659 (Ala.1988), in which this Court adopted the Alabama Court of Civil Appeals’ holding in Hannah v. Brown, 400 So.2d 410, 410-11 (Ala.Civ.App.1981), which states:
“ ‘The usual rule of measuring damages for the tortious injury to personal property has long been the difference in market value before and after the injury. The rule has been applied to personal automobiles. Hill Grocery Co. v. Caldwell, 211 Ala. 34, 99 So. 354 (1924). It has been written into Alabama Pattern Jury Instructions as Instruction 11.23 and amplified by Instruction 11.24. Though perhaps considered generally by the practicing bar and the nisi prius courts as a limitation of recovery, we consider it not to be an absolute measure of recoverable damages for injury to a personal use automobile, but [to] constitute only a principal element thereof. The rule is subject to the primary and basic principle that it is the purpose of the law to fairly compensate the injured for the wrong committed. Birmingham R.L. & P. Co. v. Sprague, 196 Ala. 148, 72 So. 96 (1916).
“That principle is stated in Mobile Light & R. Co. v. Gadik, 211 Ala. 582, 100 So. 837 (1924), by Mr. Justice Bouldin as follows:
“ ‘In fixing the measure of damages it is the aim of the law to reimburse the actual loss. This loss is usually ascertained by finding the difference between the reasonable market value immediately before and immediately after the injury. This is generally declared to be the true measure of damages ....’”
See also Empiregas, Inc., of Belle Mina v. Suggs, 567 So.2d 271 (Ala.1990).
Martin does not dispute that he is responsible for paying Scaife for the damage done to her automobile, but he does dispute Scaife’s argument that she entitled to $12,000, the amount of damages actually awarded by the jury for the damage to the car, plus the cost of repairs already paid by him or on his behalf by his insurer. He asserts that the damages award should be reduced by the repair expenses already paid. Martin contends that to allow Scaife to receive the full amount of the jury award plus the cost of repairs would place Scaife in a better position than she would have been in had the accident not happened.
This Court has previously discussed the issue of whether a defendant is entitled, in the absence of a prior agreement between the defendant’s insurer and a third-party claimant, to have advance payments credited against any subsequent judgment, and has held that, in the absence of a waiver, advance payments made to an injured claimant by the tort-feasor’s liability insurer could be credited against any subsequent judgment in favor of the injured claimant, notwithstanding that there was no prior agreement between the insurer and the claimant. See Keating v. Contractors Tire Service, Inc., 428 So.2d 624 (Ala.1983), in which this Court held:
“We find unavailing the argument that the same insurer in the absence of conduct amounting to waiver or fraud, should pay to the same person the same elements of damage again, merely because the insurer failed to get that person to sign a receipt evidencing an agreement to reduce possible future liability.”
428 So.2d at 627.
Scaife argues that the Keating principle is inapplicable here because, she says, “Keating dealt with an identifiable double payment for medical expenses incurred by *997 the plaintiff as a result of the negligence of the defendant” and “[t]he medical expenses in Keating were an item of special damages which had been paid by the defendant in advance, which is not the case here.” While we agree that the sum paid in advance for the repair of an automobile does not necessarily amount to a “dollar-for-dollar” increase in the value of the automobile, and that the Keating case involved a setoff of special damages, we nevertheless are of the opinion that to hold here that Martin should be required to pay Scaife $12,000 in addition to the repair expenses already paid by his insurance carrier would violate the principle of law set out in both Alford v. Jones, 531 So.2d 659, and Keating.
In Alford, this Court sought to ensure that a plaintiff was reimbursed for any actual loss that she suffered at the hands of the defendant, but in Keating, this Court established the principle that a claimant is not entitled to a double recovery, unless, of course, the circumstances show an agreement to the contrary or there has been a waiver.
Recognizing that a claimant is entitled to recover the difference between the value of an automobile before the accident and the value of the car after the accident, we hereby establish some principles to guide parties and courts when a claimant has received advance payments for the repair of the automobile.
We recognize, of course, that the amount paid to repair an automobile may not represent dollar-for-dollar the increase in value of the automobile, but a claimant should not be permitted to receive the benefit of having a tort-feasor pay to have the automobile repaired, and also receive the amount determined by the jury to represent the difference between the value of the automobile before the accident and the value of the automobile after the accident without any consideration of the amount already advanced to repair the automobile. In such circumstances, the claimant must be willing to deduct any amount received in advance from the tort-feasor to repair the car from the amount determined by the factfinder to be the difference between the before-the-accident value and the after-the-accident value, or, in the alternative, the claimant can recover the difference between the value of the car before the accident and the value of the car after the car had been repaired (with the repairs being paid for by the tort-feasor).
There is a suggestion in this record that the trial court was under the impression that the tort-feasor could not show the amount advanced without also showing that the amount was paid by his insurer. In fact, Scaife argues on appeal that the insurer is the real party in interest in this case. In Keating, this Court said that “Keating accepted advances from the corporate Defendant’s insurer, endorsed the drafts of payment, and received credit for his medical expenses with full knowledge of both the source and purpose of these advances.” Although we make no finding in this regard, it appears that Scaife received the sum of $8,862.40 for the cost of the repairs to her automobile and that this sum was paid on behalf of the tort-feasor. While we recognize that this sum conceivably may not be the difference between the value of the car before the accident and the value of the car after it has been repaired, we cannot ignore the fact that she has received a benefit, and she should not be allowed to recover twice for the same damage.
In this case, Scaife introduced evidence of the difference between the value of the car before the accident and the value of the car after the accident. The tort-feasor had paid a certain amount to have the car repaired. That being the case, the tortfeasor should be entitled to deduct from the damages awarded by the jury the amount paid to have the car repaired.
Scaife’s other arguments in defense of the judgment are without merit.
Based on the foregoing, we reverse the judgment of the trial court and remand the cause to that court for further proceedings consistent with our holding.
REVERSED AND REMANDED.
*998 HORNSBY, C.J., and SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.