ROBERTSON, Presiding Judge.
This is a contract case.
On December 30, 1988, Aratex Services, Inc. (“Aratex”) signed two contracts with Stan Messer Stores, Inc. (“SMS”), then known as Stan’s Super Mart, whereby Aratex agreed to rent textiles and supplies to two SMS stores, one in Sylacauga and one in Alexander City. Pursuant to the contracts, Aratex agreed to furnish the items on a weekly basis for 156 weeks to the Sylacauga store and on a weekly basis for 260 weeks to the Alexander City store. Both contracts provided, in pertinent part:
“6. [SMS] expressly waives the right to terminate this Agreement during the initial term or any extension thereof for deficiencies in service and/or quality of Merchandise unless: (1) complaints are first made promptly in writing to [Aratex], stating the precise nature of any complaints; (2) [Aratex] is afforded at least thirty (30) days to correct or begin to take reasonable steps to correct any deficiency complained of, and (3) [Aratex] fails to correct or begin to take reasonable steps to correct those deficiencies complained of within thirty (30) days. In the event [Aratex] attempts to correct the deficiencies, and [SMS] believes such corrections are inadequate, [SMS] shall immediately give [Aratex a] written explanation of the basis for the claim of inadequate correction. In the event [SMS] complies with the foregoing and [Aratex] fails to correct or begin to take reasonable steps to correct such deficiencies, [SMS] may terminate this Agreement.
“7. [SMS] acknowledges that [Aratex] will make an investment in inventory, facilities, equipment and personnel, in order to provide service to [SMS] and, accordingly, if [SMS] should cancel, breach or otherwise terminate this Agreement, or any extension hereof, prior to the end of the term, with or without cause, [SMS] shall pay to [Aratex] as liquidated damages and not as a penalty, an amount equal to the total of (1) fifty percent (50%) of the average weekly sales times the number of weeks in the balance of the term, or the amount of Five Hundred Dollars ($500.00), whichever is greater, and (2) any loss or damage charges and any unpaid statement, together with all costs of collection, including interest and attorney’s fees as set forth herein.”
On March 27, 1990, with 84 weeks remaining on the Sylacauga contract and 188 weeks remaining on the Alexander City contract, Stan Messer, the president of SMS, terminated the contracts without giving Aratex written notice and an opportunity to cure deficiencies in service as the contracts provided. Aratex sent Messer two letters demanding that SMS honor the contract or pay damages, but SMS did not comply.
On January 11, 1991, Aratex filed a complaint in the Circuit Court of Talladega County, alleging that SMS had breached the contracts and that Aratex was entitled to $12,663.38 in liquidated damages and associated costs. In its answer, SMS denied Ara-tex’s allegations and asserted breach of contract as an affirmative defense, alleging that Aratex had “fail[ed] to provide the service and products” agreed upon by the parties.
The trial court conducted ore tenus proceedings, at which Bobby Treace, Aratex’s district manager for the Sylacauga and Alexander City areas, testified that Aratex has to purchase and customize rental items accord- *1353 mg to contractual specifications and that it begins to see profits only after a 20-month amortization period. Further, Treace testified that Aratex charged SMS based on use, and that, during the 72 weeks that the contract was in effect, the average weekly sales rates at the Sylacauga and Alexander City stores were $114.65 and $48.18, respectively. Treace calculated that Aratex’s liquidated damages under the contracts were $4,528.92 at the Alexander City store and $4,815.30 at the Sylacauga store, for a total of $9,344.22, not including costs and an attorney fee.
Testifying by deposition, Messer asserted that Aratex often had failed to deliver the agreed-upon number of aprons and jackets, but had charged SMS as if it had delivered the agreed-upon number. Messer further stated that Aratex frequently had failed to replace the soap and paper towels in the employee restrooms and had delivered clothing that often had holes or other defects. He testified that he had orally complained to Aratex’s personnel about the poor quality of the service, but that no one from Aratex came to correct the problem until he had terminated the contracts.
The trial court entered its judgment on February 24, 1993, stating, in pertinent part: “On consideration of the evidence the court finds the issues in favor of [Aratex] and against [SMS] and assesses [Aratex]’s damages in the sum of $1,304.... Costs taxed to [SMS].” On March 9, 1993, Aratex filed a motion for new trial, which was denied by operation of law. Rule 59.1, Ala.R.Civ.P.
Aratex appeals, contending that the trial court erred in setting the amount of the judgment against SMS at $1,304. Aratex claims it had proven that it was entitled to liquidated damages of $9,344.22, plus attorney fees and costs.
When a trial court makes no specific findings of fact, this court will assume that it made those findings necessary to support its judgment “unless such findings would be clearly erroneous.” Ward v. State, 592 So.2d 581, 582 (Ala.1992). On review of an award of damages following ore tenus proceedings, there is no requirement that the appellate court be able to determine precisely how the trial court calculated the amount awarded. Alford v. Jones, 531 So.2d 659 (Ala.1988). Moreover, “[t]he resolution of ... conflicting testimony is a task assigned to the trial court, and that resolution is presumed to be correct on appeal.” Houser v. Gipson, 485 So.2d 738, 739 (Ala.Civ.App.1986). The amount of the trial court’s award was less than Aratex requested based upon the liquidated damages clause; however, in light of the conflicting assertions concerning the breach of contract, we do not conclude that the trial court’s findings were clearly erroneous. The inability to determine precisely from the judgment exactly how the trial court calculated the award is not reversible error. Alford, supra. The judgment is therefore affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.