THIGPEN, Judge.
Beverly Webster sued Margaret Lovelace for damages, alleging that Lovelace had negligently and wantonly operated her motor vehicle, thereby causing Webster damage and injuries. Inter alia, Webster alleged that while she was a customer in a beauty salon, Lovelace negligently drove her vehicle into the salon, striking and injuring Webster.
Lovelace’s insurance carrier, Allstate Insurance Company (Allstate), attempted to negotiate a settlement with Webster, and, in advance of a settlement or judgment, it paid Webster for certain expenses. The amount advanced by Allstate for medical expenses and business expenses totaled $2,424.29. Prior to trial, the issue regarding the payment of these prepaid expenses was raised, and the trial court ruled that if Lovelace introduced the amount of the payments, then Webster would be allowed to introduce the source of the payments. Lovelace chose not to introduce any evidence of the payment of these expenses and did not plead the advance payments as an affirmative defense. The jury returned a general verdict awarding Webster $10,000. The trial court entered a judgment against Lovelace for $10,000 plus court costs. Allstate issued a check to Webster for $7,791.71 as full and final satisfaction of its liability. Lovelace’s post-judgment motion seeking, inter alia, remittitur, was denied, and she appeals.
Lovelace contends that she should be given a credit for the amount of the advance payments made to Webster, although the existence of the payments was not raised as an affirmative defense, and there was no express agreement to credit the advances toward a settlement or judgment. She argues that disallowing the credit results in unjust enrichment to Webster by giving her a double recovery, and that it would increase litigation and costs because it would discourage attempts to settle. She further contends that the concept of advance payment itself implies that it is made as a partial settlement, and she argues that it should be credited against a final judgment or settlement.
Lovelace cites Keating v. Contractors Tire Service, Inc., 428 So.2d 624 (Ala.1983), *863 to support her position that credit should be allowed for advance payments to prevent an injured party from being compensated twice for the same injury. In Keating, however, the defendant pled set-off and payment, and the issue was severed from the other issues at trial. Following a jury verdict and a post-judgment hearing, the award was reduced by the amount of the advance payments. Our Supreme Court stated, “in Keating, this Court established the principle that a claimant is not entitled to a double recovery, unless, of course, the circumstances show an agreement to the contrary or there has been a waiver.” Martin v. Scaife, 587 So.2d 995, 997 (Ala.1991). To obtain a credit for a pro tanto settlement and to avoid waiver, the defendant must plead and prove the settlement “at the first opportunity.” Wylam Ice Co. v. King, 293 Ala. 359, 362, 304 So.2d 1, 3 (1974). In the case sub judice, however, Lovelace failed to plead set-off or payment as an affirmative defense, and it is therefore waived. Rule 8(c), A.R.Civ.P.
Payment must be specifically pled as an affirmative defense. “In pleading to a preceding pleading, a party shall set forth affirmatively ... payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.” Rule 8(c), A.R.Civ.P. Payment is an affirmative defense that must be pled and proved. See Tanana v. Alexander, 404 So.2d 61 (Ala.Civ.App.1981).
This court’s review of a trial court’s grant or denial of a Rule 59(e) motion is limited to whether there has been an actual abuse of discretion, and such an “abuse exists only where there has been a breach of a legal right and where the record plainly shows the trial court to be in error.” Kent v. Kent, 624 So.2d 599, 601 (Ala.Civ.App.1993). Furthermore, absent bias, prejudice, corruption, or other improper motive, a trial court may not order a remittitur. Owens v. Chambers, 432 So.2d 1307 (Ala.Civ.App.1983).
After a careful review of the record, we cannot say that the trial court abused its discretion in denying Lovelace’s post-judgment motion. It follows, therefore, that the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result.