PITTMAN, Judge.
In May 1999, Tom Anderson brought an action against Oscar Booker, Judy Booker Pugh, Raymond C. Dudley (“Dudley”), and Judy A. Dudley, seeking a declaration as to the parties’ rights and interests in timber Anderson had cut and harvested from land in Monroe -County, Alabama. Anderson alleged that he had contracted with Booker and Pugh to cut and harvest timber from land that was allegedly owned by Booker and Pugh but that Dudley had asserted a claim of ownership as to the land from which the timber was ultimately cut and as to the severed timber. Dudley counterclaimed, asserting that Anderson had trespassed on his property, averring that Anderson had converted his property, and requesting that Anderson be required to pay the penalties specified in § 35-14-1 et seq., Ala.Code 1975, for unlawfully cutting timber; no written response to that counterclaim was filed. Booker and Pugh were ultimately dismissed as parties to the action, and Judy A. Dudley filed a pro se appearance in which she relinquished (i.e., equitably assigned) to Dudley any interest she had in the real property from which the timber had been cut.
The case was tried to a jury in December 2001; the sole remaining real parties in interest were Anderson and Dudley. Anderson and Dudley stipulated that Anderson’s cutting of the timber had occurred on Dudley’s land and that that cutting amounted to a trespass as a matter of law, leaving only the issue of damages to be decided. At trial, a valuation witness called by Anderson gave testimony from which the jury could have inferred that Dudley had suffered an economic loss from the trespass of approximately $14,100; Dudley testified that the. land had decreased in value by $30,000. There was also evidence introduced, without objection, that in December 1997 Anderson had directed Georgia-Pacific Corporation, the entity that had contracted with Anderson to purchase the timber cut from Dudley’s land, to pay Dudley $14,544.70 that represented the proceeds of that sale; Dudley acknowledged having received payments totaling approximately $16,000 from Georgia-Pacific and others. Dudley’s trespass and statutory-penalty counts were then submitted for decision as to damages.
The jury, -after having been instructed that the appropriate measure of compensatory damages as to the trespass counterclaim was the difference between the value of Dudley’s land before the trespass and the value of the land after the trespass, reached a verdict in which it awarded Dudley compensatory damages in the amount of $17,600; no punitive damages or statutory penalties were awarded. The trial court entered a judgment in January 2002 crediting Anderson with having paid $14,544.70 to Dudley; the judgment awarded Dudley compensatory damages in the amount of $3,055.30. Dudley’s post-judgment motion to set aside the judgment was denied, and he appealed.
The sole issue raised by Dudley concerns whether the trial court properly offset the $14,544.70 that Anderson directed Georgia-Pacific to pay to Dudley *1160 against the jury’s compensatory-damages award in determining Dudley’s damages.
Dudley correctly argues that Anderson failed to assert payment as an affirmative defense in a responsive pleading to his counterclaim. However,' Rule 15(b), Ala. ■ R. Civ. P., states that when issues not raised by the pleadings are tried by the express or implied consent of the parties, such issues shall be treated as if they had been raised in the pleadings; that rule further permits the pleadings to be deemed to be amended to conform to the evidence. Under Alabama law, whether the pleadings are deemed to be amended in order to conform to the evidence presented at trial is a matter within the trial court’s discretion; a trial court’s decision on such a matter is not to be disturbed on appeal absent an abuse of that discretion. E.g., Ammons v. Tesker Mfg. Corp., 853 So.2d 210, 216 (Ala.2002). Because both .parties presented evidence, without objection, tending to show that Dudley was paid $14,544.70 by Georgia-Pacific, which had agreed to pay Anderson for the timber wrongfully harvested from Dudley’s property, the trial court did not err in relieving Anderson from the effect of any procedural waiver that might have arisen as result of his failure to plead payment. See also Rule 54(c), Ala. R. Civ. P. (every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled).
Dudley also argues that Anderson was allowed a “double credit” by the trial court because, he says, the jury’s verdict had already accounted for the $14,544.70 payment to Dudley. Although Dudley thereby intimates (and the dissent agrees) that his “before and after” valuation testimony adequately supports the jury’s calculation of damages, that position is flawed; the sum of the jury’s damages award ($17,600) plus the $14,544.70 paid to Dudley, when added together, is more than $2,000 greater than the $30,000 difference in the value of the property Dudley claimed in his testimony (i.e., the $35,000 “before” value of the property minus the $5,000 “after” value of the property testified to by Dudley). Because there is no evidence that Dudley’s compensatory damages amounted to more than $30,000, and because the jury was specifically instructed not to measure Dudley’s damages in terms of the value of the timber, we conclude that the trial court’s deduction of the $14,544.70 payment was not a “double credit” to Anderson.
The $14,544.70 payment to Dudley represents compensation to Dudley at the direction of Anderson as a consequence of the trespass, and it was creditable to Anderson’s liability -under the principles espoused in Keating v. Contractors Tire Service, Inc., 428 So.2d 624 (Ala.1983), and Martin v. Scaife, 587 So.2d 995 (Ala.1991), both of which stand for the proposition that advance payments made to an injured claimant on behalf of a tortfeasor should be credited against any subsequent judgment in favor of the injured claimant. Although Anderson failed to specifically raise that payment as a defense to . Dudley’s trespass claim in a reply to the counterclaim, the trial court did not err as a matter of procedure or under the substantive law in crediting that payment to Anderson. The judgment of the trial court is therefore due to be affirmed.
AFFIRMED.
THOMPSON and MURDOCK, JJ., concur.
YATES, P.J., and CRAWLEY, J., dissent.