YATES, Presiding Judge,
dissenting.
I respectfully dissent. The defendant, Raymond C. Dudley, appeals from a judgment entered on a jury verdict in his favor, *1161 arguing that the trial court erred in denying his motion to set aside the judgment, or, in the alternative, for a new trial based on the trial court’s reduction of the jury’s award.
In September 1997, Tom Anderson entered into an agreement with Oscar Booker to purchase all the timber from a tract of land in Tunnel Springs, which Booker allegedly owned. Booker escorted Anderson to the property and showed him where the boundary lines were located. Relying on Booker’s claim of ownership, Anderson later entered the property with his crew and harvested the timber. However, as Anderson’s crew completed the project, Raymond Dudley entered the property and advised the crew that he owned the property.
Anderson had contracted with Georgia-Pacific Corporation and Bobby Johnson Timber Company to purchase the timber he had harvested from the property. Bobby Johnson Timber Company paid Anderson $1,900 for five to six loads of pulpwood tops and broken-down timber. Although Georgia-Pacific Corporation was to pay Anderson for the bulk of the timber, it refused to pay him because of the dispute as to the ownership of the land from which the timber was harvested. Shortly after Georgia-Pacific notified Anderson that it was refusing to pay him, Anderson wrote a letter to Georgia-Pacific Corporation consenting to the release of the payment to Dudley, who owned an undivided one-half interest in the land from which the timber was cut; Judy Dudley owned the other undivided one-half interest in the land.
On April 5, 1999, a warrant was issued for Anderson’s arrest, charging that he had violated § 9-13-60(5), Ala.Code 1975, by “willfully and knowingly selling], contracting] to sell or otherwise disposing] of logs, poles, piling, crossties, pulpwood, veneer bolts, staves or other unmanufactured or semimanufactured forest products not his own or without authority of the legal owner.... ” That same day, Anderson appeared in court and pleaded guilty to a lesser offense and was ordered to pay $25 pursuant to § 15 — 23—17(b), Ala.Code 1975, a part of the Alabama Crime Victims Compensation Act, § 15-23-1 et seq., Ala.Code 1975; $131 in criminal court costs; and $1,803 as restitution to Dudley.
In May 1999, Anderson sued Oscar Booker, Judy Booker Pugh, Judy A. Dudley, and Raymond C. Dudley, seeking a judgment declaring the rights of the parties with respect to ownership of the parcel of land and the timber cut from the land.
Booker and Pugh were eventually dismissed from the lawsuit by Anderson. A default judgment was entered against Judy Dudley, which was later set aside by the court.[1] Raymond Dudley answered and counterclaimed, alleging ownership of the property and trespass on the part of Anderson. Anderson failed to answer the counterclaim. Dudley moved for a partial summary judgment. Anderson responded. Trial was set for December 10, 2001.
At the close of the trial, the jury returned a verdict for Dudley on his counterclaim and assessed compensatory damages in the amount of $17,600. However, on January 15, 2002, the trial court entered an order in favor of Dudley for $3,055.30— reducing the jury’s damages award by $14,544.70, the amount Dudley had received from Georgia-Pacific Corporation for the timber Anderson had cut from the Dudley land. Dudley moved the court to *1162 set aside its judgment, or, in the alternative, to grant a new trial. The motion was denied as a matter of law. Dudley appeals.
Dudley argues that the trial court erred in reducing the damages assessed by the jury. He challenges the trial court’s order, which reads, in part:
“The matter [was] submitted to the jury for verdicts on the evidence, arguments of counsel on the court’s oral charge, and the jury return[ed] verdicts which assess the amount of compensatory damages for the trespass at $17,600.00, and which' do not assess any punitive damages or statutory penalty for the trespass.
“The evidence before the Court is undisputed that defendants Raymond C. Dudley and Judy Dudley each owned an undivided lh interest in the subject property at the time of the trespass in 1997. Judy Dudley has asserted no claim for trespass in the instant action; however, the pleading filed by Judy Dudley indicates that she has ‘relinquished’ her interest in the property to Raymond C. Dudley. Although such pleading would not be effective as a deed, the Court concludes that the pleading is due to be accorded effect as an equitable assignment by Judy Dudley of her interest in the litigation, and that Raymond Dudley should be allowed to receive payment of any judgment proceeds individually and as equitable trustee for the said Judy Dudley.
“The evidence is also undisputed that Raymond C. Dudley received payment of $14,544.70 in December, 1997, which represented a portion of the proceeds of the sale of timber from the subject property, and that such amount should be credited toward and against the jury’s assessment of compensatory damages.
“It is therefore, ORDERED, ADJUDGED AND DECREED that Raymond C. Dudley, individually and as equitable Trustee for Judy Dudley, have and recover of Tom Anderson the sum of $3,055.30. Costs are taxed to Tom Anderson.”
Dudley argues that because.the court entered a postverdict setoff, despite Anderson’s waiver before and during the trial of the right to a. setoff, the original damages award should be reinstated. I agree.
Our supreme court has stated:
“The rules governing a trial court’s review in- determining whether a jury’s verdict for compensatory damages is excessive are clear:
“ ‘A trial court may not substitute its judgment for that of the jury when the jury has returned a compensatory verdict that is clearly supported by the record.... “A trial court may not conditionally reduce a jury verdict merely because it believes the verdict overcompensates the plaintiff; nor may the trial court substitute its judgment for that of the jury.”
“ ‘... When there is no evidence before the court of any misconduct, bias, passion, prejudice, corruption, improper motive, or cause not consistent with the truth and the facts, there is no statutory authority to invade the province of the jury in awarding compensatory damages.’ ”
Homady Truck Line, Inc. v. Meadows, 847 So.2d 908, 922 (Ala.2002) (quoting Pitt v. Century II, Inc., 631 So.2d 235, 239-40 (Ala.1993)).
“While it is true that a trial court may not substitute its judgment for that of the jury when the jury has returned a compensatory verdict that is supported by .the record, there are situations in which a trial judge ‘ “may, and *1163 should, reduce or increase the amount of the verdict to reflect the amount to which the parties are entitled as a matter of law.” ’ First, a trial judge may modify a jury verdict that ‘ “inelude[s] or exelude[s] a sum which is clearly recoverable or not as a matter of law, or which is totally unsupported by the evidence, where there is an exact standard or rule of law that makes the damages legally and mathematically ascertainable at a precise figure.” ’ Second, a trial judge may modify a jury verdict when it ‘ “results, not from the evidence and applicable law, but from bias, passion, prejudice, corruption, or other improper motive.” ’ ”
Orkin Exterminating Co. v. Jeter, 832 So.2d 25, 36 (Ala.2001) (citations omitted).
In addition to the foregoing, I note that civil pleadings are governed by Rule 8(c), Ala. R. Civ. P., which states: “In pleading to a preceding pleading, a party shall set forth affirmatively ... payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.” (Emphasis added.)
In reviewing a setoff, this court has stated: “Payment must be specifically pled as an affirmative defense.” Lovelace v. Webster, 656 So.2d 862, 863 (Ala.Civ.App. 1995). In Lovelace, Webster sued Lovelace as a result of injuries stemming from an automobile accident. Lovelace’s insurance carrier attempted to settle with Webster. To this end, the carrier advanced payment for a portion of Webster’s medical and business expenses. Lovelace raised the issue of payment prior to trial. The trial court ruled that if Lovelace introduced evidence of the payment, Webster could then disclose to the jury the source of the payment. Lovelace did not introduce evidence of the payment at trial or assert it as an affirmative defense. The jury returned an award for Webster, and trial court entered a judgment based on the award. In accordance with the ruling, the insurance carrier issued another check to Webster, less the amount of its prior payment. The remainder of the judgment was to be paid by Lovelace. Lovelace moved for a remittitur; her motion was denied. She appealed. Id.
On appeal, Lovelace cited Keating v. Contractors Tire Service, Inc., 428 So.2d 624 (Ala.1983), which addressed the issue of double recovery by an injured party. In Keating, the plaintiff was prevented from receiving a double recovery because the defendant pleaded payment and the issue was subsequently severed from the other issues at trial. In Keating, after the jury returned a verdict for the plaintiff, the trial court, following a postjudgment hearing, reduced the verdict by the amount of the prior payments. Id. Our supreme court has stated that, “in Keat-ing, this Court established the principle that a claimant is not entitled to a double recovery, unless, of course, the circumstances show an agreement to the contrary or there has been a waiver.” Martin v. Scaife, 587 So.2d 995, 997 (Ala.1991).
Anderson, like the defendant in Lovelace, failed to plead the defense of payment. The record reflects that Anderson did not raise the issue of a setoff in any pleading before the court. However, in Anderson’s response to Dudley’s motion for a partial summary judgment, he did mention the payment Dudley received from Georgia-Pacific Corporation for the cut timber. Anderson’s affidavit filed in support of his response to Dudley’s motion for a partial summary judgment reads, in part:
“The logs from this tract were hauled to Georgia-Pacific by my crews, along with some other logs which I had cut from Mrs. Pearl Kilpatrick’s property. *1164 When Mr. Dudley claimed ownership of the property, Georgia-Pacific refused to pay me about $15,547.00, which represented pay for these logs, and I believe this amount was paid to Mr. Dudley.”
I cannot say that the foregoing complies with Rule 8(c), Ala. R. Civ. P., because Anderson’s response to the partial summary judgment motion was not a “pleading”. See Rule 7(a), Ala. R. Civ. P.
Anderson next argues that the right to offset payment was raised at trial because evidence of the payment to Dudley by Georgia-Pacific Corporation was admitted into evidence without objection. At trial, Anderson submitted, and the court admitted into evidence, a letter dated December 11, 1997, he had sent to Georgia-Pacific Corporation concerning the timber proceeds and a voided check made payable to him from Georgia-Pacific Corporation. The letter fails to mention a payment or a setoff; it reads:
“The purpose of this letter is to give you my consent to release and pay to Mr. Dudley and his attorney any timber proceeds which you now hold arising from my recent cutting of timber at Tunnel Springs. A copy of the check for which payment was stopped is attached.
“Mr. Oscar Booker advised me as to the boundaries of his property but it now appears that the information given me was incorrect.”
Additionally, Dudley admitted on the stand, without objection, that he had received a payment of approximately $16,000 from Georgia-Pacific Corporation, $1,803 in restitution, and no payment from Anderson.
Moreover, the record does not reflect that the issue of a setoff or payment was tried by implied consent. Rule 15(b), Ala. R. Civ. P., provides, in pertinent part, that “[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.” While evidence that Dudley had received payment for the timber was introduced, nothing in the record reflects that Anderson sought an offset for that amount. Furthermore, the trial court instructed the jury, without objection, as follows:
“Now, if you find that the trespass has occurred, you may assess damages for the defendant on his counterclaim against the plaintiff. If you are reasonably satisfied from the evidence that the plaintiff did trespass on the defendant’s land and the defendant was damaged as a result thereof you may assess damages for trespass on the land, for cutting timber thereof, for the difference between the value of the land immediately before and after the trespass. The value of timber is not the measurement of damages.”
(Emphasis added.)
This court has also stated that “[t]he measure of damages for trespass when trees have been cut is the difference between the value of the land before the cutting and the value of the land immediately after the cutting.” Persky v. Vaughn, 741 So.2d 414, 416 (Ala.Civ.App. 1998) (citing Manning v. White, 423 So.2d 853 (Ala.Civ.App.1982)). Additionally, the owner of property “is entitled to give [his] opinion as to the value of the property before and after the trespass to establish the legal measure of damages.” Ryals v. Hunter, 638 So.2d 2, 2 (Ala.Civ.App.1994) (citing Jetton v. Jetton, 502 So.2d 756 (Ala. 1987)).
Dudley testified that, although he had paid $9,000 for the property in 1984, the value of the property before the trespass was $35,000 and the value of the property after the trespass was $5,000. The jury could have reasonably accepted his testimony, or it could have reasonably accepted that the value was between the two ex *1165 tremes testified to by Dudley. Similarly, it could have determined its damages award by deducting from its award the value of the timber, thereby crediting Anderson for the timber proceeds, or it could have determined its damages award by excluding the value ■ of the timber. However, as stated in Homady Truck Line, supra, and Orkin Exterminating, supra, this court, like the trial court, has no authority and does not presume to have the authority to substitute its judgment for that of the trier of fact absent one of the exceptions listed in those cases.
Thus, after taking into account Anderson’s failure to plead payment or to request a remittitur; the trial court’s failure to sever the issue of payment from the other issues at trial; the trial court’s instruction to the jury, without a request for clarification from either party; and Dudley’s testimony concerning the value of the property immediately before and after the trespass, I conclude that the jury properly rendered its verdict based on the evidence and pursuant to the trial court’s instruction.
Accordingly, I dissent from the affir-mance of this case.

. In a filing in the trial court, Judy Dudley "relinquished” her interest in the property to Raymond Dudley. The court interpreted that filing as an equitable assignment by Judy Dudley of her interest in the litigation.